(16 App. Div. 28.)

### VAN NOSTRAND et al. v. MARVIN et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

WILLS—CONSTRUCTION.

> Testator devised his estate to trustees to apply the income to the use of his children in severalty for their lives, and on the death of each to pay over his share of the estate to his children, but no provision was made for the death of a beneficiary without children. *Held*, that the remainder after the life estates of the shares of such of testator's children as were without issue at the time of testator's death vested in the heirs of testator living at the time of his death, subject to be divested by the subsequent birth of children.

Appeal from special term, Orange county.

Action by Frances S. Van Nostrand and Anabel G. Van Nostrand, by guardian ad litem, against Sarah M. Marvin and Fanny V. N. Ramsdell, individually and as executrices and trustees of and under the will of John J. Van Nostrand, deceased, and John James Van Nostrand, impleaded with others. From portions of an interlocutory judgment, defendants appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

Alfred Jaretzki, for appellants.

Charles F. Brown, for respondents.

BRADLEY, J. The action is for partition of real property included in the residuary estate of John J. Van Nostrand, covered by the provisions of the eleventh clause of his will, which is as follows:

> "(11) All the rest of my estate I give, devise, and bequeath to my executors, in trust to collect the rents and income, and apply the same to the use of my children during their natural lives, and, after their decease, to their children the part the deceased parent would be entitled to under the laws of the state of New York."

He died in 1889, leaving, surviving him, three children, Gardiner Van Nostrand, Sarah M. Marvin, and Fanny V. N. Ramsdell, and a grandson, John James Van Nostrand, the child of a son who had died in the lifetime of the testator. They were the only heirs at law.

In an action by the executors for a judicial construction of the will, it was determined, and the parties acquiesced in the determination, that:

> "It was the intention of the testator, as expressed in the eleventh clause of his said will, that his residuary estate should be held in trust by his executors in severalty for each of his children and his grandchild, the defendant John J. Van Nostrand; that is to say, the testator intended that there should be a trust in one share for each child or beneficiary, which, on the death of said beneficiary, should pass to his or her children under the laws of the state of New York, leaving the trust to continue only as to the shares of the surviving beneficiaries, and that said trusts should cease as to the said shares of the children and grandchildren, respectively, upon the death of the particular beneficiary for whose benefit such share is to be held; that the testator, by the use of the word 'children,' * * * intended to include and provide for his said grandchild, the defendant John James Van Nostrand, as if he were one of his children."

From the omission of any provision in the will for the contingency of death of the beneficiaries without children arises the question, dependent upon the construction of the eleventh clause, to be determined, who, in that event, will take the estate in remainder. There was a valid trust created, which vested title in the trustees for the purpose of its execution during the lives of the beneficiaries in severalty, and to terminate with the death of them, respectively. The plaintiffs are the children of the son, Gardiner Van Nostrand, whose death followed that of the testator. They therefore became seised in fee of one-fifth of the residuary estate. As the other beneficiaries still live, the trust remains as to three-fourths, and that only of the estate for lives. The defendants Nannie Van Nostrand Marvin and Elizabeth Van Nostrand Marvin are the children of Sarah M. Marvin, one of the beneficiaries of the trust. Mrs. Ramsdell and John J. Van Nostrand, the other beneficiaries, have no issue.

The legal effect of the portion of the judgment appealed from is that in the event of the death, respectively, of Mrs. Ramsdell and the grandson John J. Van Nostrand without lawful descendants them surviving, the inheritance limited to their children will pass to and become vested in the heirs then surviving of the testator, thus partaking something of the nature of cross remainders. Where, in such case, would remain the estate of the remainder in fee? There was quite anciently a notion and theory that the fee could be in abeyance, and without any tangible existence, during a term when there was no person in esse in whom it could vest by operation of a grant or devise which in terms embraced it. 2 Bl. Comm. 107. Such a supposed case would arise from a grant to A. for life, and remainder to the heirs of B., and the death of A. before that of B. There would then be no heirs of the latter to take on the termination of the precedent estate. The later and better view is that there is no support in the law for such doctrine of abeyance; and that, instead of remaining in mere expectation until the contingency arises to give effect to a grant or devise of such future estate of inheritance, the fee remains in the grantor or devisor until the event occurs which opens the way permitting it to become operative. The transition only rests in abeyance until then. Fearne, Rem. 352; Broom, Leg. Max. marg. p. 394; 4 Kent, Comm. 258; People v. Conklin, 2 Hill, 67.

If these views are correct, those estates of inheritance of one-fourth each of the subject of the devise so limited became vested in the heirs of the testator as of the time of his death, subject to become divested and to pass by the will if the event occurs to render it operative. It has not as to either of these two beneficiaries arisen, and, in the event of their death or that of one of them without issue, the inheritance to that extent will remain in the heirs of the testator as of the time of his death or their heirs. This, in that event, will be the consequence of the absence of testamentary disposition by him of such estate in remainder.

Our attention is called to the case of Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977, in support of the result given to the trial.

In that case the question presented here does not seem, by the report of it, to have had any consideration. The action was brought for the construction of a certain clause of the will of Howland, deceased, by which he gave two-tenths of his residuary estate to trustees, in trust to pay the income to his two daughters during their lives in severalty, and on their death he gave the remainder in fee to their issue, and made no provision dependent upon default of such issue. In behalf of the daughters, founded upon certain language in the will, it was contended that the fee was in them, subject to the trust, and defeasible only by issue surviving them, and that, therefore, the estate in that event would go to their heirs and personal representatives, devisees, or assigns. The trial court so held. The general term held otherwise, and to the effect that, on failure of issue, the estate of remainder in fee on the termination of the trust would go to the heirs and next of kin of the testator. Howland v, Howland (Sup.) 9 N. Y. Supp. 233. The modification made upon that decision was affirmed by the court of appeals, and in the opinion of the court there delivered by Follett, C. J., it was said that, "if they died without issue, their portions must be distributed among the heirs at law and next of kin of the testator." He left seven other children surviving him. It may be observed that the question whether the estate in remainder of each of the two-tenths thus limited was in the heirs of the testator as of the time of his death, or would become vested in his heirs surviving at the time of the termination of the trust on default of issue, does not appear to have been presented or considered at any stage of the litigation in that case, but that the question was whether or not the estate in fee subject to the trust would in that event be in those daughters. Further than that, therefore, the case of Howland v. Clendenin is not necessarily authoritative.

The appeals in the present case seem to have been taken only from so much of the judgment as relates to the disposition of the inheritance limited on the trust estate of which Mrs. Ramsdell and John J. Van Nostrand are the beneficiaries. It therefore is deemed unnecessary to give any consideration to the share held in trust for Mrs. Marvin. Her children, Nannie and Elizabeth, were living at the time of the death of the testator; and it would seem that, within the meaning of the statute, the remainder limited to her children, whether or not defeasible, was vested. 1 Rev. St. p. 723, § 13; Moore v. Littel, 41 N. Y. 66; Powers v. Bergen, 6 N. Y. 358.

These views lead to the conclusion that the judgment should be so modified as to determine that, in case the defendant Ramsdell dies without children, the estate limited on that of which she is the beneficiary of the trust vested in the heirs of the testator upon his death, and that, upon the like event applicable to the defendant John J. Van Nostrand, the judgment be in like manner modified as to the estate limited on that of which he is the beneficiary of the trust.

Order to be settled on motion to all parties concerned in the modification. All concur.