(51 Misc. Rep. 132.)

### GRINNELL et al. v. HOWLAND et al.

(Supreme Court, Special Term, New York County. June, 1906.)

1. DESCENT AND DISTRIBUTION—HEIRS AT LAW.
    Where a decedent dies intestate as to a portion of his estate, and it
    passes to his heirs at law or next of kin, they are to be determined as
    of the date of testator's death.

2. WILLS—CONSTRUCTION—PARTIAL INTESTACY.
    Testator gave his residuary estate to his eight children and to such
    other children as might thereafter be born. The portions given to his
    daughters were subject to certain trusts; the trustees to pay over the
    income to said daughters during life, and on the death of a daughter to
    distribute the principal among her issue. Testator was survived by
    nine children and the descendants of a tenth child who had died before
    him. *Held* that, there being no disposition as to the capital of the trust
    estate on the death of a daughter without issue, testator as to such por-
    tion died intestate, and the funds held in trust for such daughter should
    be distributed among the heirs at law and next of kin of the testator
    at the time of his death.

    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 2188–
    2198.]

Action by Koenig Grinnell and others against Meredith Howland
and others to obtain directions as to distribution of trust fund under
will. Judgment rendered.

William Harison, for plaintiffs.
Crowley Wentworth, for defendant Josephine M. Howland.
Strong & Cadwalader, for defendant G. Howland Leavitt.
John Hackett, for defendant James Russel Roosevelt.
Stetson, Jennings & Russell, for Grinnell C. Bowdoin.

BLANCHARD, J. This is an action brought by the plaintiff, as trustee, to obtain the direction of the court regarding the distribution of trust funds created under the following clause of the will of Gardiner G. Howland:

"Twenty-first. All and singular the rest, and residue and remainder of my estate and property, both real and personal, whatsoever and wheresoever, I do hereby give, devise and bequeath unto my eight beloved children, that is to say, William Edgar Howland, Annabelle Edgar Howland, Abby Woolsey Howland, Robert Shaw Howland, Maria Louisa Howland, Rebecca Brien Howland, Meredith Howland and Gardiner Greene Howland, Junior, and such other child or children as may hereafter be born to me or wherewith my wife may be enciente at the time of my death, and to their respective heirs, executors, administrators and assigns, forever, to be divided equally between them, or share and share alike, including the issue of such as may die before me, such issue taking the same share as their, his or her parent or other ancestor would have taken if living, subject, however, in regard to the portions of my sons to the limitations herein next stated, and also subject in regard to the portions of my daughters to the trusts hereinafter declared in regard thereto, that is to say, with regard to the portions of my sons my will and direction are that my said sons be put into the possession and enjoyment of the one equal half part of their respective portions as soon as they shall severally attain the age of twenty-one years, and the other half as they severally reach the age of twenty-five years, which latter half my executors are hereby directed to retain in their possession and control until such latter age, but in the meantime to pay to my said sons respectively the interest, dividends or other periodical income thereof, and with regard to the portions of my daughters my will and direction are that my said executors and the survivors and survivor of them be, and I hereby constitute them and him, the trustees and trustee of the portions of my said daughters respectively during their respective natural lives, and I hereby give and bequeath the same to my said executors and the survivors and survivor of them accordingly in trust for my said daughters respectively, and to invest the same in their or his names or name as such trustees or trustee in the manner hereinafter directed, and to pay over the interest, dividends or other periodical income thereof to my said daughters respectively from time to time to and for their own separate use and benefit, and upon their separate receipt, whether married or sole, during the residue of their natural lives, and upon their deaths, as each shall happen to die, to pay over and distribute the principal of the share or portion of the one so dying to her issue living at the time of her decease, including the issue of such as may then be deceased, equally or share and share alike, the issue of any deceased child then living taking the same share as their, his or her parent or other ancestor would have taken if then living. And with regard to such of my children as may be minors at the time of my decease I do hereby direct their before-named guardians and guardian to provide and furnish all the requisite funds for their genteel and suitable maintenance, education and support during their respective minorities, not, however, exceeding the annual sum of one thousand dollars for each child."

Two of the children above mentioned, Louisa Howland Clendenin and Joanna Howland Grinnell, have recently died, without issue. At the time of his death the testator left, him surviving, nine children, and the descendants of a tenth child, who had predeceased. Some of the present defendants therefore claim that the estates of each of the children mentioned in the will are respectively entitled to one-tenth of the funds held in trust for Mrs. Clendenin and Mrs. Grinnell. One of the defendants, who is one of the heirs at law and next of kin of the testator, at the time of the death of Mrs. Clendenin and Mrs Grinnell, claims that on the death of Mrs. Clendenin the estates of each of the children mentioned in the will were entitled respectively

to one-ninth of Mrs. Clendenin's trust fund, and that subsequently, when Mrs. Grinnell died, the estates of each of the children mentioned in the will, excepting Mrs. Clendenin's and Mrs Grinnell's estates, became entitled respectively to one-eighth of Mrs. Grinnell's trust fund. The clause of the will above quoted was construed in Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977, and the judgment entered in accordance with this decision provides in part as follows:

"That in case either of the said daughters, Louisa Howland Clendenin or Johanna H. Grinnell, shall die leaving no issue nor issue of any deceased issue surviving her, then, inasmuch as by the terms of the said trust no provision is made for the disposition in that event of the capital of the trust estate, the share of the testator's estate devoted to the creation of the trust of the person so dying shall, upon her decease, leaving no issue nor issue of any deceased issue surviving her, be distributed among the heirs at law and next of kin of the said testator."

Upon the present question, therefore, whether the funds held in trust for the children, who eventually might die without issue, should be distributed among the heirs at law and next of kin of the testator, according as they exist at the testator's death, or according as they exist at the death of the testator's children, respectively, is not settled by the language of the judgment above quoted. Indeed, it was expressly said, in Van Nostrand v. Marvin, 16 App. Div. 28, 33, 44 N. Y. Supp. 679, that this question was left open in that decision. It is well settled in this state that, where any part of an estate passes to the heirs at law or next of kin of the testator by reason of intestacy as to such portion, the heirs at law and next of kin are to be determined as of the date of the testator's death. Hoes v. Van Hoesen, 1 Barb. Ch. 379; Doane v. Mercantile Trust Co., 160 N. Y. 494, 55 N. E. 296; Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709; Simonson v. Waller, 9 App. Div. 503, 41 N. Y. Supp. 662. The only expression contrary to this rule is contained in Savage v. Burnham, 17 N. Y. 561, in connection with a merely incidental question not referred to by the counsel of any of the parties before the court. Upon this point, however, this case has been substantially overruled by subsequent decisions of the same court. Doane v. Mercantile Trust Co., Clark v. Cammann, supra, and Simonson v. Waller, supra.

Accordingly, the funds held in trust for Mrs. Clendenin and Mrs. Grinnell must be distributed, among the heirs at law and next of kin of the testator, determined as of the time of the testator's death, with the result that the estates of each of the children mentioned in the will shall receive, respectively, one-tenth of said funds. In accordance with the request of the parties, consideration of the account of the trustees will be postponed for the present.

Judgment accordingly.