IRVING v. REES et al.

(Supreme Court, Appellate Division, First Department.   November 3, 1911.)

1. WILLS (§ 229*)—CONTEST—WHO MAY SUE.
   Code Civ. Proc. § 2653a, authorizing one interested as devisee, legatee, or otherwise, or as an heir at law, next of kin, or otherwise, etc., to sue to determine the validity of a will, does not authorize suit by the daughter of a testatrix's son to annul a former will after probate, though under a subsequent will testatrix bequeathed her estate to the son, and he, dying after her, left his estate to his wife and children.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 550–554;  Dec. Dig. § 229.*]

2. PLEADING (§§ 8, 214*)—ADMISSION BY DEMURRER—CONCLUSIONS.
   Allegation that plaintiff was next of kin of decedent, in the face of facts set forth showing the contrary, is a conclusion of law, not admitted by demurrer.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; 527;  Dec. Dig. §§ 8, 214.*]

Appeal from Special Term, New York County.
Action by Louise E. Irving against Louise S. Rees and others. From an interlocutory judgment sustaining a demurrer to the amended complaint, plaintiff appeals.   Affirmed.
Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Joseph P. Cotton, Jr. (George S. Franklin, of counsel, Joseph P. Cotton, Jr., and George H. Savage, on the brief), for appellant.
John B. Pine, for respondents.

CLARKE, J.   The complaint alleges that Emma C. Sands, a widow, died on the 29th of December, 1907, at Independence, Mo., leaving an estate consisting wholly of personal property, which was at the time of her death and still is situate in the city, county, and state of New York;  that on the 26th of March, 1908, defendant Rees filed in the Surrogate's Court of New York county a written instrument purporting to be the last will and testament of said Emma C. Sands, bearing date November 7, 1895, and a codicil bearing date June 2, 1906, together with a petition for probate;  that on December 30, 1908, and within two years prior to the commencement of this action, said instrument was admitted to probate;  that said written instruments so admitted to probate are not the last will and testament and codicil of Emma C. Sands, deceased;  that on the 27th of December, 1907, at Independence, Mo., the said Emma C. Sands, being of sound mind and competent to make and declare her last will and testament, duly executed an instrument in writing as her last will

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and testament, thereby revoking all other wills and codicils by her theretofore made, and bequeathing all her estate situate in the state of New York, excepting some minor bequests, to her son Irving E. Sands and his wife, Emma M. Sands, which said last will and testament was on January 12, 1908, duly admitted to probate as such in the probate court of Jackson county, state of Missouri; that on October 23, 1907, at Independence, Mo., the said Irving H. Sands duly executed an instrument in writing as his last will and testament, bequeathing and devising all his estate to his wife, Emma M. Sands, and his children, Louise E. Sands (now Louise E. Irving), Edward R. Sands, Irving H. Sands, Maynard M. Sands, and John R. Sands, which said last will and testament was on the 14th of September, 1909, duly admitted to probate as such in the probate court of Jackson county, Mo. And plaintiff alleges:

"That plaintiff is a daughter of Irving H. Sands, deceased; that said Irving H. Sands, who died subsequent to January 30, 1909, was a son of and survived said Emma C. Sands, and plaintiff as such is a grandchild and heir at law and next of kin of said Emma C. Sands, having an interest as heir at law and next of kin in her estate affected by an alleged will and codicil of said Emma C. Sands, deceased, admitted to probate in the Surrogate's Court of New York county, as hereinafter in paragraph third alleged."

And she prays that the will probated in New York be adjudged invalid and void, and the will probated in Missouri be declared and adjudged the last will and testament of Emma C. Sands.

The complaint was demurred to, on the ground that it did not state facts sufficient to constitute a cause of action; the claim being that it appeared upon the face of the complaint that the plaintiff was not one of the persons entitled to commence an action under section 2653a of the Code. The demurrer was sustained, and plaintiff appeals.

[1] Said section provides that:

"Any person interested as devisee, legatee or otherwise, in a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, or any person interested as heir at law, next of kin or otherwise, in any estate, any portion of which is disposed of, or affected, or any portion of which is attempted to be disposed of, or affected, by a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, within two years prior to the passage of this act, or any heir at law or next of kin of the testator making such will, may cause the validity or invalidity of the probate thereof to be determined in an action in the Supreme Court for the county in which said probate was had. All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action."

The plaintiff makes three claims: First, that for the purposes of construing this section of the Code the time of the commencement of the action must be taken as the time at which should be determined who is the next of kin of the decedent; second, that at such time she was the next of kin, being the daughter of a deceased son of the decedent, who, however, had survived her; and, third, that if she is not a next of kin she comes within the phrase "as a person otherwise interested."

The right to maintain this action is purely statutory. The plaintiff must show that she comes within one of the classes specified in

the statute. It is admitted that she is not a devisee, and, as the estate consists solely of personal property, that she is not an heir at law.

"The term 'next of kin' includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after payment of the debts and expenses, other than a surviving husband or wife." Section 2514, subd. 12, and section 1870, Code Civ. Proc.

"The provisions of this article respecting the distribution of property of deceased persons apply to the personal property of married women dying leaving descendants them surviving." Section 2734, Code Civ. Proc., now Decedent Estate Law (Consol. Laws 1909, c. 13) § 100.

The decedent was a widow at the time of her death, and left her surviving four children, one of whom was Irving H. Sands, father of the plaintiff. As such he would have been entitled to share in the estate of the decedent had she died intestate, and he was, therefore, one of her next of kin. Section 2732, subd. 1, now Decedent Estate Law, § 98, provides that the surplus after payment of debts must be distributed—

"in equal portions among his children, and such persons as legally represent the children if any of them have died before the deceased."

In Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709, cited with approval in Matter of Wilcox, 194 N. Y. 288, 87 N. E. 497, Haight, J., said:

"There being no disposal of the estate by the will, it follows that it must be distributed under the statute of distribution. Le Fevre v. Le Fevre, 59 N. Y. 447. Among the conflicting claims made to this fund, we find one in which it is insisted that the testator's next of kin, at the time of the termination of the life estate, are the persons to whom the distributions should be made, and not to those who were next of kin at the time of the testator's death, or their personal representatives. * * * The persons and the only persons who are entitled to take by virtue of the statute are those who answer to the legal definition of next of kin at the time of the death of the intestate."

In Miller v. Maujer, 82 App. Div. 419, 81 N. Y. Supp. 575, an action was brought under section 2653a of the Code of Civil Procedure. The plaintiff was a niece of the testatrix, and showed by her complaint that she was not mentioned in the will as devisee, legatee, or otherwise. Defendants demurred. The court said:

"While the plaintiff is, under her allegations, the next of kin of the testatrix, we are of opinion, that, in view of the fact that the testatrix died without leaving descendants and being survived by a husband, the latter, if the will should be declared void, would take the personal property under the common law and his marital rights (Robins v. McClure, 100 N. Y. 328 [3 N. E. 663, 53 Am. Rep. 184]), so that he is, within the spirit of the statute, the next of kin, and the plaintiff, not being an heir at law, no real estate being involved (Tillman v. Davis, 95 N. Y. 17 [47 Am. Rep. 1]), has no standing to bring this action. The complaint, therefore, fails to state facts sufficient to constitute a cause of action, and the demurrers were properly sustained."

See, also, Hoes v. Van Hoesen, 1 Barb. Ch. 389; In the matter of Kane, 2 Barb. Ch. 375; Van Nostrand v. Marvin, 16 App. Div. 28, 44 N. Y. Supp. 679; Doane v. Mercantile Trust Co., 160 N. Y. 494, 55 N. E. 296.

[2] The appellant claims that, having alleged in the complaint that she is the next of kin of the decedent, the defendants by the demurrer have admitted that allegation. But that allegation is a mere conclusion of law, and she has set forth the facts which negative said conclusion. Conclusions of law are not admitted by a demurrer.

She also claims that she is a legatee named in the will, if not directly, yet indirectly, because she is named as a legatee in the will of her father. But she does not allege any specific legacy in her father's will, but merely that he bequeathed and devised all his estate to his wife and his children. The statute permitting any person interested as legatee in a codicil or will admitted to probate in this state to sue, of course, refers to a legatee mentioned in the will under consideration. The claim is without substance.

Finally, she asserts that she comes within the phrase "as a person interested otherwise" in the estate of her grandmother, and calls attention to subdivision 11 of section 2514 of the Code of Civil Procedure, which is as follows:

"The expression 'person interested,' where it is used in connection with an estate or fund, includes every person entitled either absolutely or contingently to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor."

In no event can she be considered, within the meaning of the statute, as a person interested in the will or estate of her grandmother. She was not mentioned as a legatee in either the will probated in New York or that alleged to have been probated in Missouri. Her sole claim is based upon the fact that she is the daughter of her father, Irving H. Sands. He was a legatee mentioned in both of said wills, and, at the time of his mother's death, was one of her next of kin, and if she had died intestate would have been entitled under the statute of distributions to one-fourth of her personal estate. He survived his mother, and thus his interest in her estate became vested. Upon his own subsequent death, his personal estate passed to his personal representatives, and that estate included whatever interest he had in his mother's estate. The plaintiff is not the assignee or grantee of his interest in his mother's estate, nor is she his personal representative. Whatever rights she has are in her father's estate, derived from whatever source it may have been. She is not entitled, either absolutely or contingently, to share in her grandmother's estate, because that had become vested in her four children; one portion, if intestacy is found, becoming a part of her father's estate, against which, alone, she has a claim.

As the complaint shows that the plaintiff had not capacity to sue, it did not state facts sufficient to constitute a cause of action. The interlocutory judgment should therefore be affirmed, with costs and disbursements to the respondents, with leave to the appellant, upon the payment thereof and within 20 days, to serve an amended complaint. All concur.