PRANKARD et al. v. COOLEY, School Com'r, et al.

(Supreme Court, Appellate Division, Second Department. November 24, 1911.)

1. MUNICIPAL CORPORATIONS (§ 18*)—VALIDITY OF CORPORATE EXISTENCE—ATTACK—SUIT BY TAXPAYERS.

   Taxpayers could not sue to restrain the school commissioner of a school district from declaring the territory within the limits of certain villages separate school districts, on the ground that the villages were illegally created, since the validity of the existence of a municipal corporation cannot be raised in a collateral proceeding by a private individual, but only in a direct proceeding in the name of the state in the nature of quo warranto.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 41–44; Dec. Dig. § 18.*]

2. MUNICIPAL CORPORATIONS (§ 993*)—REMEDIES BY TAXPAYERS—INJUNCTION—RIGHT TO SUE.

   General Municipal Law (Consol. Laws 1909, c. 24) § 51, providing that an action by taxpayers may be maintained against the officers of any village, to prevent any illegal official act, or prevent waste of the property of the village, would not authorize taxpayers of a village to sue to restrain the school commissioners of a school district from declaring the territory within certain villages as separate school districts, on the ground that the villages were illegally created; the action being one to attack title to office by attacking the validity of the corporate existence of the villages, and not to prevent an illegal official act.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 993.*]

3. PARTIES (§ 76*)—DEMURRER—FAILURE TO DEMUR.

   A complaint showing on its face that plaintiff has no capacity to sue does not state facts sufficient to constitute a cause of action, within the rule of Code Civ. Proc. § 499, providing that that objection shall not be deemed waived, if not presented by demurrer or answer.

   [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Nassau County.

Action by Carlton M. Prankard and another against James S. Cooley, as School Commissioner, and others. From an interlocutory judgment sustaining a demurrer to a defense, certain defendants appeal. Reversed, and demurrer overruled.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

Howard Thayer Kingsbury (Paul Fuller and Frederic R. Coudert, on the brief), for appellants.

W. Bourke Cochran (Robert J. Fox and Martin T. Manton, on the brief), for respondents.

HIRSCHBERG, J. The amended complaint alleges in substance that the plaintiffs are owners of real estate and are assessed taxpayers in the Union free school district No. 4, in the town of North Hempstead in the county of Nassau; that the defendant James S. Cooley is the school commissioner of that school district; that each of the three villages has been created within the territory constituting said school district, to be separate school districts, but that each has been created under the form of law applicable to such creations illegally, in pursuance of a .fraudulent scheme, instituted and instigated by certain unnamed persons, who were parties to the formal propositions under which the villages were created, and whose motive was the construction of separate school districts in order to escape their share of taxation for school purposes, and to throw upon other persons, including the plaintiffs, an additional financial burden in that respect. The relief sought is the permanent restraint of the defendant the school commissioner from declaring by certificate the territory within the limits of the said villages as separate school districts, or from taking any other proceedings in that respect. The answer of the defendant villages contains a categorical denial of the allegations of the complaint, excepting the allegation relating to the fact of the incorporation of the villages, and as a separate defense alleges that the plaintiffs have no legal capacity to sue. The plaintiffs demurred to the separate defense, upon the ground that it is insufficient in law, and the interlocutory judgment appealed from sustains the demurrer.

[1] We are of opinion that the action is not maintainable by the plaintiffs; that the validity of a municipal corporation created by proceedings legal and regular in form cannot be questioned collaterally by a private individual, but can only be determined in proceedings instituted by the Attorney General in the name of the state and in the nature of a quo warranto. The general principle is well stated in Cyc. vol. 10, p. 256, as a doctrine—

"founded in public policy and convenience and supported by an almost unanimous consensus of judicial opinion, which is that the rightfulness of the existence of a body claiming to act, and in fact acting, in the face of the state, as a corporation, cannot be litigated in actions between private individuals or between private individuals and the assumed corporation, but that the rightfulness of the existence of the corporation can be questioned only by the state; in other words, that the question of the rightful existence of the corporation cannot be raised in a collateral proceeding."

In McFarlan v. Triton Ins. Co., 4 Denio, 392, it appears that the defendant in error sued the plaintiff in the court below, alleging, among other things, that the corporation was illegally created. In the opinion in the Supreme Court the Chief Justice said (page 397):

"It is unnecessary to inquire what may be the rights of the people in relation to this corporation, or as against the individuals who were concerned in getting it up and setting it in motion. The defendant does not represent the sovereign power, and has nothing to do with the question whether the company should be dissolved. So long as the state does not interfere, the company may sue, or do any other lawful act, whatever sins may have been committed in bringing the body into existence."

In Willis v. Staples, 30 Hun, 644, an order denying a motion to vacate a temporary injunction restraining the holding of an election to promote the organization of a village was reversed, and the injunction dissolved, notwithstanding it had been decided in the Matter of the Village of Elba, 30 Hun, 548, that the proceedings taken for the incorporation of the village were illegal; it being held that the plaintiff's remedy for any injury which may come to him by the proceedings may be enforced by the usual modes of law or under the statute under which the defendants sought to illegally effect the incorporation of the village.

In People v. Carpenter, 24 N. Y. 86, it was expressly held that the question whether a town has been illegally erected could be tested in an action in the nature of quo warranto against one claiming to exercise the office of supervisor; the court saying (at page 89) that quo warranto was "the *proper action* to determine the question as to the right of the defendant to discharge the duties of the office."

In People ex rel. Kingsland v. Clark et al., 70 N. Y. 518, the action was to restrain the defendants from proceeding to incorporate a village under the general act applicable. The court said (page 520):

"A legal action in the nature of quo warranto is an appropriate, *if not the only remedy.*"

In People ex rel. McLaughlin v. Police Com'rs, 174 N. Y. 450, 459, 67 N. E. 78, 80, 95 Am. St. Rep. 596, it was held that, where one is in actual possession of a public office under color of right, the title to the office can only be determined by direct action instituted by the Attorney General for that purpose. The proceeding instituted in that action was by mandamus, and the court said:

"The claim that this is the proper proceeding in which to seek a determination of relator's claim does not, however, have support in authority in this state; for as long ago as the decision in People ex rel. Hodgkinson v. Stevens, 5 Hill, 616, it was held that, where title to an office is in dispute, the proper method of trying it is by information in the nature of a quo warranto, which since the Code is by a direct action instituted by the Attorney General."

[2] The learned counsel for the respondents cite no controlling authority to the effect that equity will enjoin an official of a de facto municipal corporation from discharging his official functions, at the suit of a private individual. It is claimed that the action is brought within the scope of taxpayers' suits pursuant to the provisions of section 51 of the General Municipal Law (Laws 1909, c. 29, being chapter 24 of the Consolidated Laws). It is sufficient to say in reference to

that claim that we find nothing in the section referred to authorizing the maintenance of the present action. This action is not brought to prevent any illegal official act on the part of a public officer, but is brought to prevent the discharge of duties by such officer on the ground that the municipal corporations for which he is acting were illegally created. In substance and effect, the title to the office itself is assailed, to the extent that the right of the officer to perform any duties for the villages as such is denied. In this view the case of Greene v. Knox, 175 N. Y. 432, 67 N. E. 910, is in point by analogy. That was a taxpayer's action to restrain the payment of salaries to public officers holding regular and presumptively valid appointments in the civil service. The action was brought pursuant to section 1925 of the Code of Civil Procedure, to prevent waste, etc., and also under certain statutes deemed to authorize the same. The gist of the complaint was that, although the appointments to the office were valid in form, they were invalid in fact. The court held that the right to the salary depended upon the right to the office, and that the former could not be constitutionally taken away until the latter was destroyed, and that where the question of title to the office is not collateral or incidental, but, on the contrary, is the central and pivotal question, the proper remedy is by proceeding in quo warranto. In the case at bar the right of the school commissioner to perform his duties is purely collateral; the pivotal question being the legality of the villages and of their incorporation.

[5] The incapacity of the plaintiff to sue appears on the face of the complaint. On the argument, we called the attention of counsel to that fact, and to the fact that under section 498 of the Code of Civil Procedure the objection could be taken only by answer where it did not so appear. Supplemental briefs were filed to meet this suggestion, but we think the question of practice is immaterial. In Irving v. Rees, 131 N. Y. Supp. 523, the Appellate Division in the First Department has affirmed an interlocutory judgment which sustained a demurrer to a complaint interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action. The precise claim of the demurrant was that it appeared on the face of the complaint that the plaintiff had not the legal capacity to maintain the action. The court said that:

"As the complaint shows that the plaintiff had not capacity to sue, it did not state facts sufficient to constitute a cause of action."

Applying that principle in this instance, it is obvious that the present complaint does not state facts sufficient to constitute a cause of action. That objection cannot be waived, even if not presented by either demurrer or answer. Section 499, Code Civ. Proc. In any event, it must be held that when taken by answer, as in this instance, it cannot be regarded as insufficient in law, as claimed by the plaintiffs' demurrer.

The interlocutory judgment should be reversed, and the demurrer overruled.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs. All concur.