also include every other expense incident to maintaining the property, such as water taxes, flushing taxes, necessary repairs, etc.

A fair construction of this clause would be that the testator, after having devised the property outright to his son and daughter in equal shares, intended to further provide for his daughter by giving her the use of the property for one year, without being charged for the same or being accountable either to the estate or the other devisee for the use thereof. Whatever may be the equities between the two devisees, it is not competent for the surrogate to determine, but I should hold that there is no obligation imposed upon the executor to pay taxes on this property out of any funds in his hands belonging to said estate.

A decree may be entered judicially settling the account in accordance with the above conclusions.

Decreed accordingly.

---

(76 Misc. Rep. 110.)

In re BROOKLYN TRUST CO.

(Surrogate's Court, Kings County. March, 1912.)

WILLS (§ 858*)—RIGHTS OF PARTIES—LAPSE OF LEGACY.

Where a widower left the income of his estate for life to his son with remainder to the surviving children of the son, and the son dies without children surviving him, after the death of the testator, there is an intestacy of the whole estate, which is payable to the executor of the deceased's son.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183; Dec. Dig. § 858.*]

Proceedings on the judicial settlement of the account of the Brooklyn Trust Company, as trustee of the trusts created by the will of George S. Litchfield, deceased. Decree entered.

Dykman, Oeland & Kuhn, of Brooklyn (Francis L. Archer, of Brooklyn, of counsel), for Brooklyn Trust Co.

Francis L. Archer, for Helen A. Litchfield.

George V. Brower, for Mary E. Knight, Martha J. Presby, Cordelia B. Litchfield, Charles C. Litchfield, Leonard W. Litchfield, Harrison M. Litchfield, Lucy E. Ford, and George Litchfield.

William M. Russell, special guardian for Alton Litchfield, an incompetent.

KETCHAM, S. The will under which the trustee accounts devises the estate in trust to pay the income thereof to the testator's son, George H. Litchfield, during his life. As to the same trust the will proceeds:

"Third. Upon the death of my said son George H. Litchfield this trust shall cease and I hereby give, devise and bequeath all my estate, real and personal, to the children of my said son George H. Litchfield surviving him, in equal portions, share and share alike."

George H. Litchfield, the son, died after his father, without children or issue surviving him. For this contingency the will makes no provision. The result is intestacy as to the whole estate, save for

the devise in trust for George H. Litchfield, which is exhausted. This means that the estate is now to be disposed of in the same manner as if the will were blank as to any disposition to be made after the death of the son. It is in law a blank in that respect for all present purposes, and the disposition is to be made as if the third paragraph were not written. It will be convenient to assume that the questions raised relate only to personal property. If the fact, suggested in the account, be otherwise, the result reached with respect to personal property may be extended to the heirs at law.

It is claimed, on one hand, that the persons to whom distribution is to be made are those who were the next of kin at the time of the testator's death and, necessarily, the legal representatives of any such next of kin as may have died. The contrary claim is that the next of kin to whom distribution is to be made are those persons who fulfilled that description at the time of the death of the life beneficiary.

The testator was widowed at the time of his death, and George H. Litchfield was his only child. Hence, if the distribution is to be made by ascertaining the next of kin as of the time of the testator's death, George H. Litchfield was the only next of kin, and the interest which fell into him at his death belongs to his executor.

Plainly the estate is to be controlled by the laws which govern in cases of intestacy. Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977; Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575; Id., 160 N. Y. 315, 54 N. E. 709; Van Nostrand v. Marvin, 16 App. Div. 28, 44 N. Y. Supp. 679; Grinnell v. Howland, 51 Misc. Rep. 132, 100 N. Y. Supp. 765.

The statute of distributions cannot be conceived of as contemplating any point of time for the ascertainment of the persons to whom its distributions are to be made except the time of the decedent's death. It is never applied to any other period. Interests in the personalty of an intestate, though subject to the mechanics of administration, vest at the death no less certainly and automatically than estates in lands descend at the moment of the death of the ancestor.

The facts of this estate cannot be distinguished from those which arose in the estate involved in Howland v. Clendenin, supra. In that case, the testator left ten children, as to two of whom he created trusts alike in terms. In each of these trusts the direction was to pay the income to a child for life and to pay the principal, upon the death of the child, "to her issue living at the time of her decease." The two beneficiaries were daughters, neither of whom had borne children, and both of whom had passed the child-bearing age at the time when the will required judicial construction.

The court held that, if the two children described supra should die without issue, the portions allotted to them for life were to be disposed of as assets of which the testator died intestate and were to be distributed "among the heirs at law and next of kin of the testator." Neither in the judgment under review in the case cited nor in the opinion was there any specific direction or instruction as to whether or not the heirs at law or next of kin were those who answered to that character at the death of the decedent. But the ques-

tion, which was not essential to the case of Howland v. Clendenin, thereafter arose upon the same will, after the death of the two daughters, in the case of Grinnell v. Howland, supra, where Mr. Justice Blanchard says:

"It is well settled in this state that where any part of an estate passes to the heirs at law or next of kin of the testator by reason of intestacy as to such portion, the heirs at law and next of kin are to be determined as of the date of the testator's death. (Citing cases.) * * * Accordingly, the fund held in trust * * * must be distributed among the heirs at law and next of kin of the testator, determined as of the time of the testator's death,. with the result that the estates of each of the children mentioned in the will shall receive respectively one-tenth of said funds."

The direction of the opinion is precisely quoted to emphasize that the estate of each of the deceased beneficiaries for life was thereby awarded its proportionate share of the fund which had been held in trust for such deceased.

The effect of this award was that among the heirs and next of kin as they stood at the time of the testator's death was each beneficiary upon whose life estate the reversion supervened.

If the legal representatives of one of these deceased children could take on her death a fractional part of the fund once held in trust for her, then the executor of George H. Litchfield must take the whole reversion which has fallen in at his death by the operation of the statute.

George H. Litchfield at all times after his father's death must therefore have been vested with an estate or interest defeasible upon the event that a child might be born to him and survive him, and contingent as to enjoyment upon his own death.

It may be a hard saying to the general mind, but it is not legally incongruous, that one may have an estate in reversion which, though vested, is so postponed that he cannot enjoy it until he is dead; nor is it doubtful that a tenant in reversion may have added to the features of his estate, thus described, the further element that he is also vested with the particular intermediate estate which keeps him out of his alternate estate so long as he lives.

In Van Nostrand v. Marvin, supra, these subtleties are recognized. In that case, Mr. Justice Bradley considers where would remain the fee during the lives of persons bearing substantially the same relation to the estate as that which was supported by George H. Litchfield. Rejecting the ancient notion that the fee remained in abeyance, Judge Bradley says:

"The later and better view is that there is no support in the law for such doctrine of abeyance; and that instead of remaining in mere expectation until the contingency arises to give effect to a grant or devise of such future estate of inheritance, the fee remains in the grantor or the heirs of the devisor until the event occurs which opens the way permitting it to become operative. The transition, only, rests in abeyance until then."

This was written in a case where there was a devise in trust to apply the income to the use of children during their lives and after their decease to pay the principal to their children. The testator was survived by three children and the child of a deceased child, his only

heirs at law. ' It was held that the grandchild took a one-fourth part of the estate in trust under the description of the word "children." The beneficiaries left no children.

Judge Bradley further says:

"If these views are correct, those estates of inheritance of one-fourth each of the subject of the devise so limited (to the children and grandchild) became vested in the heirs of the testator as of the time of his death, subject to become divested and to pass by the will if the event occurs to render it operative. It has not as to either of those two beneficiaries arisen, and in the event of their death, or that of one of them, without issue, the inheritance, to that extent, will remain in the heirs of the testator, as of the time of his death, or their heirs. This, in that event, will be the consequence of the absence of testamentary disposition by him of such estate in remainder."

In Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575, the Appellate Division, by Mr. Justice Rumsey, discusses the nature of the estate there involved, which coincided with the interest which must be disposed of upon this accounting. He says:

"There was left, therefore, at the time of the death of the testator, a residue of the estate which would commence in possession on the termination of the life estates, in case the contingencies did not take effect. This was a reversionary interest in personal property which is recognized by the statutes of the state in regard to personal property as well as real property. 1 R. S. 773, § 2; Id. 723, § 12. That reversionary interest came into existence when the will took effect, just as much as did the contingent interest of these children, or the estate of the trustees. When it took effect, it vested in those persons who were then entitled to share in the testator's estate under the statute of distributions, and while it could not vest in them in possession until the contingent interest of the children had failed, they did not lose it by reason of the delay, but it ran along, side by side, with the possible estate to the children, to take effect or to be destroyed, as the contingent estate of the children failed or became vested."

In the same case, in the Court of Appeals, ubi supra, it was said:

"The persons and the only persons who are entitled to take by virtue of the statute are those who answer to the legal definition of next of kin at the time of death of the intestate; if, for any reason the bequest made ultimately fails to take effect according to the testator's intention, the property remains undisposed of by the will, and the testator has died intestate as to such property and it immediately reverts to his personal representatives, appointed or to be appointed in trust for his next of kin."

And the court affirmed the judgment by which the next of kin were fixed as those who answered to that description at the time of the death of the testator.

These cases constrain the conclusion that the fund accounted for is payable to the executor of George H. Litchfield, and that any lands of which the testator died seised descended.

One of the briefs presents many cases which hold that, where a will carves out a life estate and devises the remainder to be distributed among persons described as survivors, the general rule that words of survivorship employed in a will direct the mind to the persons who survive at the time of the testator's death does not apply, and that the will must be construed to intend that the distribution for which it provides shall be made among such persons of the class indicated as shall be survivors at the time of the distribution.

From these authorities it is skillfully argued that the distribution to take place among the decedent's next of kin under the statute should be made to those who fulfill that description at the time of the distribution, and not to those who would answer to that character at the testator's death.

None of these cases has anything to do with the task of ascertaining the persons entitled under the statute to a distributive share in case of intestacy. They were concerned only with wills which effectually took the estate away from the statutes. Their single effort was to find out what the testator's words meant. They were all cases where the destination of the estate was effectuated, not by the statutes applicable to cases of intestacy, but by the testator's expression of purpose. In none of them was there any thought of the statute of descent or the statute of distributions.

For the solution required in this case there can be no resort to the will, and hence decisions which interpret wills and determine the beneficiaries intended therein give no help in ascertaining the persons who are entitled to take when the will is silent, and the only duty is to apply the statute.

The rule here invoked in behalf of the widow of George H. Litchfield is that where there is an intestacy as to an estate or interest, however postponed or affected by an intermediate estate, the statutory next of kin must take. While this rule has a sound like that of the other, by which the intention of the will as to its beneficiaries is to be ascertained, there is no other resemblance.

The same suggestion was made in Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709, and substantially the same cases were cited in its behalf. See page 318 of 160 N. Y., 54 N. E. 709. The argument is treated at page 329 of 160 N. Y., at page 711 of 54 N. E., where the court, after stating the proposition, says:

"Such might have been the case if the estate had passed under the will, but inasmuch as the will fails to dispose of the fund, it must be disposed of under the statute which must be resorted to in order to determine the interest, as well as the persons among whom distribution must be made."

And again:

"The rights of persons claiming under a will are to be ascertained and determined in view of all its provisions and by the application of settled rules of construction governing such instruments. If, on such constructions, no rights of property can be claimed under the will, the provisions of the statute of distribution must control and alone determine the rights of the parties."

The decree should provide for a disposition of the fund in accordance with these views.

Decreed accordingly.