The Jarl Company, Appellant, v. The Village of Croton-on-Hudson and Others, Respondents.* Order granting motion to dismiss amended complaint and judgment entered thereon reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer within twenty days from the entry of the order herein. We are of opinion that the amended complaint states a cause of action. (*Village of Lynbrook* v. *Cadoo,* 226 App. Div. 681; revd. on other grounds, 252 N. Y. 308.) Lazansky, P. J., Young and Kapper, JJ., concur; Hagarty and Scudder, JJ., dissent and vote to affirm, with the following memorandum: The question for determination is whether or not the remedy sought by the plaintiff in this action, the nature of which may be deemed to be one to remove a cloud upon title to real estate (Real Prop. Law, §§ 500–504), may be granted. The cloud upon title, alleged to exist, consists of a village tax assessment void because the real estate lies outside the limits of the defendant village for the reason that proceedings under section 348 of the Village Law to extend the village limits were void by reason of failure of petition instituting the proceedings to be signed by a majority of the electors or owners in the annexed territory, or in any subdivision thereof. The claimed infirmities are dehors the tax record and the annexation record. It is alleged in the complaint that a referendum was held, upon which no votes were cast other than by residents and electors entitled to vote within the original limits of the village; that the referendum so held was carried in favor of the proposed extension, and thereafter the certificate of the Secretary of State was received by the village clerk, as required by the statute. We are of opinion that this action will not lie, for the reason that the ultimate effect is to attack the validity of a municipal corporate franchise, or extension thereof. The validity of a municipal corporation created by proceedings legal and regular in form cannot be questioned collaterally by a private individual, but can only be determined in proceedings in the nature of quo warranto instituted by the Attorney-General in the name of the People.

* Affd., 258 N. Y. 303.

(*Prankard* v. *Cooley*, 147 App. Div. 145; Civ. Prac. Act, § 1208.) This question was either not specifically raised or not specifically presented in the cases upon which the appellant relies. There is a distinction, as pointed out in *Prankard* v. *Cooley* (*supra*), between actions brought to prevent an illegal official act on the part of a public officer and actions brought to prevent the discharge of duties by such officer on the ground that the municipal corporations for which he is acting were illegally created. In the first class of cases it would seem that the remedy might be properly applied in a taxpayer's action.