EUGENE GORDON DOANE, Appellant, *v.* THE MERCANTILE TRUST COMPANY, as Executor of and Trustee under the Will of MARY AGNES GORDON, Deceased, Respondent, Impleaded with Others.

1. WILL — CONVERSION OF REALTY INTO PERSONALTY BY IMPERATIVE DIRECTION TO SELL. Where a will contains an imperative direction to the executors to sell all of the testator's real and personal property as soon after his decease as the same can be properly disposed of, and to pay the legacies and several sums of money as provided in the will, the real estate is thereby converted into personal property at the death of the testator.

2. INSUFFICIENT COMPLAINT IN PARTITION. A complaint which in terms seeks the partition of a testator's real estate, but contains no allegation showing the plaintiff's right to bring an action of partition, merely alleging his seizin of an interest in the real estate, with no facts to support it, is not aided by the assumption that the action is to be viewed as one for the probate and construction of the testator's will and for the division of his property, being personalty, thereunder, where there is no allegation showing that the plaintiff or any of the defendants are next of kin of the testator or entitled in any way to share in the distribution of his personal estate.

3. TRUST NO OBSTACLE TO VESTING OF FUND IN NEXT OF KIN. A trust to invest personal property and pay over the income, limited to lives, is no obstacle to the vesting of the principal fund in the testator's next of kin, as of the time of his death, in case of his intestacy as to the principal.

4. LIFE TENANTS OF INCOME NOT EXCLUDED FROM NEXT OF KIN. The fact that next of kin of the testator were life tenants of the income of a fund under the will does not exclude them from the next of kin existing at the time of the testator's death, in the distribution of the principal in case of the testator's intestacy as to the principal.

5. LIFE TENANTS OF INCOME ENTITLED TO PRINCIPAL AS NEXT OF KIN. Where the will of a testator, leaving his widow and a daughter as his next of kin, places the residuary estate, consisting of personal property, in trust, giving the income to the widow and daughter for life and the principal to their issue, and the life tenants die without issue, so that the testator was intestate as to the principal, its ultimate ownership is to be deemed to have vested in the widow and daughter as the testator's next of kin as of the time of his death, to the exclusion of collaterals.

*Doane* v. *Gordon,* 39 App. Div. 639, affirmed.

(Submitted October 2, 1899; decided November 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 18, 1899, affirming a judgment of the Special Term sustaining the demurrer of the defendant the Mercantile Trust Company to the supplemental complaint.

The appeal also brings up for review the order of Special Term, affirmed by the Appellate Division, sustaining the demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Henry Work* for appellant. The action is properly brought as an action to partition personal property. (*Tinney*

v. *Stebbins,* 28 Barb. 290 ; *Andrews* v. *Betts,* 8 Hun, 325 ; *Paget* v. *Melcher,* 156 N. Y. 399.) The cardinal rule for construction is the ascertainment of the testamentary construction. (*Matter of Young,* 145 N. Y. 535 ; *Savage* v. *Burnham,* 17 N. Y. 561 ; *Fargo* v. *Miller,* 150 Mass. 225 ; *Heard* v. *Read,* 169 Mass. 213 ; *Warner* v. *Durant,* 76 N. Y. 136 ; *Smith* v. *Edwards,* 88 N. Y. 92 ; *Délaney* v. *McCormack,* 88 N. Y. 174 ; *Kennedy* v. *Hoy,* 105 N. Y. 134 ; *Matter of Baer,* 147 N. Y. 348 ; *Paget* v. *Melcher,* 156 N. Y. 399.)

*Allan McCulloh* and *William Cowper Prime* for respondent. There is no allegation in the supplemental complaint of possession of the premises by the plaintiff or by any of the other parties to the action, nor of joint tenancy or tenancy in common by any of them. (Code Civ. Pro. §§ 1532, 1533, 1537 ; *Sullivan* v. *Sullivan,* 66 N. Y. 37 ; *Stewart* v. *Munroe,* 56 How. Pr. 193 ; *Hunt* v. *Crowell,* 5 Edm. S. C. 385 ; *Thresson* v. *White,* 52 How. Pr. 62 ; *Green* v. *Green,* 23 N. Y. S. R. 869.) The want of an allegation of possession should be raised by demurrer. (*Howell* v. *Mills,* 7 Lans. 193 ; *Stewart* v. *Munroe,* 56 How. Pr. 193.) The testator died intestate as to the residue of his estate, including this property. (*Simonson* v. *Waller,* 9 App. Div. 512 ; *Brown* v. *Richter,* 25 App. Div. 239.) There was an equitable conversion of the residuary estate into personal property. (*Underwood* v. *Curtis,* 127 N. Y. 523 ; *Hatch* v. *Bassett,* 52 N. Y. 359.) The residuary estate, including this property, being undisposed of by the will, passed, under the statute, to his widow and to his daughter Mary Agnes Gordon, his only next of kin. (*Van Nostrand* v. *Marvin,* 16 App. Div. 28 ; *Clark* v. *Cammann,* 14 App. Div. 127.) The fact that they were life tenants of the income, under the will, is no objection to their taking the fund under the statute. (*Simonson* v. *Waller,* 9 App. Div. 513 ; *Brown* v. *Richter,* 25 App. Div. 239 ; 2 Jarman on Wills [5th Am. ed.], 88 ; *Wrightson* v. *McCauley,* 14 M. & W. 214 ; *Tompkins* v. *Verplanck,* 10 App. Div. 572.)

Bartlett, J.    This action was brought to partition real property in the borough of Brooklyn, New York city, known as No. 155 Columbia Heights.

The demurrer alleges that the supplemental complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained by the Special Term and Appellate Division and we think properly.   One George P. Gordon died January 7th, 1878, seized of the property sought to be partitioned, leaving a will whereby, after a number of specific legacies and provisions not necessary to examine at this time, he bequeathed the residue of his estate to his executors in trust to invest and pay the income equally to his wife and daughter during their natural lives and at the death of either of them to pay her share to her issue, or if no issue living the trust fund to be disposed of according to the terms of a codicil which he states in the will he contemplated executing, but which was never made.

The daughter died in May, 1890, and the widow in December of the same year, neither of them leaving issue.

The respondent, the Mercantile Trust Company, is the executor and trustee under the will of the daughter, Mary Agnes Gordon.

The will directed the executors to sell and convey all of the testator's real estate and personal property, with slight exceptions not affecting this case, as soon after his decease as the same could be properly disposed of, and to pay the legacies and several sums of money as provided therein.   The real estate was, therefore, by this imperative direction to sell, converted into personal property at the death of the testator. (*Everitt* v. *Everitt*, 29 N. Y. 39; *Hatch* v. *Bassett*, 52 N. Y. 359; *Power* v. *Cassidy*, 79 N. Y. 602; *Underwood* v. *Curtis*, 127 N. Y. 523.)

The plaintiff, in his supplemental complaint, avers that George P. Gordon died seized of the premises in question; that he left a will which is annexed to the complaint and made a part of it; that the testator's wife and daughter died in 1890 without issue; that the plaintiff is seized in fee simple of a

63

certain interest in the real estate sought to be partitioned; that a number of defendants, naming them, are seized in fee simple of certain interests respectively; that the defendant, the Mercantile Trust Company, was made a party defendant by order of the court on its own petition, and while acting as the executor and trustee under the will of testator's deceased daughter, has no interest in the real estate described in the complaint. The complaint then closes with the usual prayer in an action for partition of real estate.

This pleading contains no allegation of possession of the premises by the plaintiff, or by any of the defendants, nor of joint tenancy or tenancy in common by any of them. (Code of Civil Procedure, §§ 1532, 1533.)

There is no allegation showing plaintiff's right to bring this action, nor is there any averment disclosing the relationship, if it exists, of any party to the testator.

We have the bald allegation of seizin with no facts to support it.

A bare perusal of the complaint shows it to be destitute of facts sufficient to constitute a cause of action.

The plaintiff's counsel now insists, in the brief filed in this court, that the objection to the form of the complaint is due to a misconception of the character of the action, and that while it is inartificial, it is really an action for the probate and construction of George P. Gordon's will and for the division of his property, which is personalty, thereunder. This contention has no support on the face of the supplemental complaint, as its allegations, so far as they go, relate wholly to an action for the partition of real estate.

The plaintiff would not improve his condition if the form of action were changed in accordance with his suggestion. There are no allegations showing that he or any of the defendants are next of kin of George P. Gordon, or entitled in any way to share in the distribution of his personal estate. A still more serious difficulty, however, stands in the way of plaintiff's recovery.

The will of George P. Gordon, as already pointed out,

placed the residuary estate in trust, giving the income to his wife and daughter for life and the principal to their issue. The wife and daughter died leaving no issue.

The plaintiff's claim is evidently based upon the proposition that on the death of the life tenants, without issue, the residuary estate vested in the persons who were the testator's next of kin at that time.

The testator states in the fifteenth subdivision of his will, in dealing with the ultimate disposition of the residue, that, failing in lawful issue of the life tenants, the trust fund should be disposed of " according to the terms of a codicil which I design soon to make to this will." This codicil was never executed, and the testator died intestate as to the principal fund of personal property constituting his residuary estate.

This principal of the residuary estate upon the death of testator's wife and daughter, without issue, vested in the next of kin of the testator as of the time of his death. (*Hoes* v. *Van Hoesen*, 1 Barb. Ch. 379; *In the Matter of Kane*, 2 Barb. Ch. 375; *Van Nostrand* v. *Marvin*, 16 App. Div. 28; *Clark* v. *Cammann*, 160 N. Y. 315.) It is urged by the plaintiff that where the testamentary provision for a life beneficiary is restricted to income, he cannot take a remainder which lapses on the contingency of his death without issue, and for this reason the estate is future and contingent. In other words, it is argued that, although testator's wife and daughter were his next of kin at the time of his death, they, or those claiming through them, are to be excluded from the number of the next of kin entitled to the ultimate ownership of the trust fund.

Neither reason nor controlling authority leads to this unjust result, which would carry the estate away from those nearest to the testator in blood and vest it in remote collaterals.

A trust limited to lives is no obstacle to this vesting in the next of kin as of the time of testator's death, as the trustees took no greater title to the fund than would enable them to execute the trust.

This court, in construing a will, has so held as to real estate

under conditions unlike the case at bar, it is true, but offering a strong analogy. (*Matter of Tompkins*, 154 N. Y. 634, 644.)

Mr. Justice PATTERSON in an able opinion in *Simonson* v. *Waller* (9 App. Div. 503), which was the case of a foreign will, points out that the law of England does not exclude the life tenant from the next of kin existing at time of testator's death.

The following English cases are cited as bearing upon the point: *In re Morley's Trusts* (25 Weekly Rep. 825); *Wharton* v. *Barker* (4 Kay & J. 483); *Bullock* v. *Downes* (9 H. of L. Cases, 1); *Pearce* v. *Vincent* (1 Cr. & M. 598), which involves a devise of real estate; *Urquhart* v. *Urquhart*, (13 Sim. 613), as to personalty; *Seifferth* v. *Badham* (9 Beav. 370); *Nicholson* v. *Wilson* (14 Sim. 549); Jarman on Wills (5th Am. from 4th London ed., vol. 2, page 677, and additional cases cited at page 680, note i).

We perceive no incongruity in the testator's wife and daughter constructively taking the fund, as to which he died intestate, as his next of kin as of the time of his death. The current of authority in this state is in harmony with the rule as laid down in England, and we are inclined to adopt it, notwithstanding any supposed *dicta* to the contrary.

The judgment and order appealed from should be affirmed, with costs.

All concur.

Judgment and order affirmed.