### SALTER v. DROWNE et al.

(Supreme Court, Special Term, New York County. June 6, 1910.)

WILLS (§ 686*)—CONSTRUCTION—TRUSTS—TERMINATION.

Where a testatrix devised her property in trust, to invest in part for her sister and in part for her daughter, the plaintiff, for the benefit of herself and plaintiff's daughter, the share of the sister to go to plaintiff at the sister's death, and in case of the death of plaintiff's daughter without issue her share to be invested for plaintiff, and on the death of plaintiff to be paid to plaintiff's daughter, or if she be not living, and have no issue, then to the heirs at law of testatrix, on the death of testatrix's sister and plaintiff's daughter the plaintiff does not become entitled to the estate free from the trust on her release of her life estate,. but the trust continues for the life of plaintiff.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1631–1637; Dec. Dig. § 686.*]

Action by Georgiana H. Salter against Henry R. Drowne, as trustee of the estate of Margaret Ann Harrison, and others, for the construction of a will. Decision and judgment for defendants.

William H. Hamilton, for plaintiff.

Charles H. Beckett, for defendant Drowne.

Geller, Rolston & Horan (C. K. Bell, of counsel), for defendant Dusenberry.

Wyckoff, Clarke & Frost, for defendant Gerard.

Robert S. Pelletreau, guardian ad litem, for infant defendants.

Reynolds & Thomas (A. C. Thomas, of counsel), for defendant Salter.

GIEGERICH, J. Margaret Ann Harrison, the testatrix, died in April, 1895, leaving a last will and testament, dated February 12,. 1879, which has been duly admitted to probate. The plaintiff is the daughter of the testatrix, and her only heir at law and next of kin. May Florence Salter was the plaintiff's only child, who died without issue on July 13, 1886, before the testatrix. Cornelia Y. Seaman, a. half-sister of the testatrix, died on August 28, 1896. Questions have been raised concerning the construction of the fifth, sixth, and a part of the seventh paragraphs of the will, which, so far as material to quote the same, are as follows:

"Fifth. I give and bequeath to my executors the further sum of five thous- and dollars upon trust to invest and keep the same invested and collect and receive the interest and income thereof and pay the same to said Oakley Clark, to be by him paid to my sister so long as she shall live. And on the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

death of my sister that my said executors pay such interest to my daughter Georgiana, to be by her applied to the support of herself and the support and education of her daughter, May Florence; and if my daughter be not living, or on her death, then to pay and divide such principal sum or the investment thereof to the issue of my daughter absolutely, and if none, then to my next of kin. I empower my executors to pay or apply to the use of my said sister so much of said principal sum (in case same be necessary) as they may think proper for her comfortable support.

"Sixth. I give and devise my house and lot of land No. 125 Fourth avenue, between Twelfth and Thirteenth streets, in the city of New York, to my executors, in trust, that they rent the same from year to year or for a term not exceeding twenty-one years for such rent as they may consider proper and collect the rents of said house and lot, and after paying taxes, insurance and all other charges, to pay the net rents to my daughter Georgiana so long as she shall live, to be by her applied to the support of herself and the support and education of her daughter, May Florence; and if my daughter be not living or on her death to convey such house and lot in fee to said May Florence Salter should she then be of the age of twenty-one years, and if she be not then of such age that my executors hold such house and lot in trust until said May Florence attains such age and then to convey such house and lot in fee to said May Florence Salter. And if said May Florence Salter be not living, then to convey such house and lot in fee to her issue, and if none, then to my heirs at law. In case the building upon said lot of land shall be destroyed or injured by fire and the insurance money shall not be sufficient to rebuild or repair the same, I authorize and empower my executors to sell and convey such house and lot of land in fee and hold the proceeds of sale upon the same trusts as are herein declared concerning said house and lot.

"Seventh. I give, devise and bequeath all the rest, residue and remainder of my estate and property, real as well as personal, of which I shall die seized, possessed or entitled, to my executors in trust that they divide the same into two equal parts or shares and keep one of such parts or shares invested during the life of my daughter Georgiana and pay the interest and income thereof to her, quarterly, so long as she shall live, to be by her applied to the support of herself and the support and education of her daughter May; and if my daughter shall not be living or on her death to pay such principal sum or the investments thereof to the issue of my daughter, and if my daughter shall leave no issue, then to my next of kin."

On behalf of the plaintiff it is claimed that, upon the death of the other cestuis que trustent mentioned in the portions of the will above quoted, the plaintiff, as sole cestui que trust of the remaining trusts, and as one entitled at the same time to the remainder, could by releasing her life estate, as she has done, merge such life estate in the remainder, and thereby become entitled absolutely to the property, both real and personal, forming the various trust funds. This claim proceeds upon the theory that, when the testatrix in the several clauses of her will above quoted directed that the corpus of the trust should be ultimately paid over to her next of kin or conveyed to her heirs at law, as the case might be, she meant her next of kin or heirs at law as of the date of her death, and not as of the date of the termination of the various trusts created, which date, owing to the deaths of the other beneficiaries named in the trusts, will be the time of the death of the plaintiff. I cannot adopt this view. In each of the three trusts under consideration the testatrix was careful to continue the existence of the trust at least during the lifetime of the plaintiff, her daughter; and to now hold that the intention was to create no effective trust beyond the power of destruction by the daughter would seem to be a result plainly contrary to the intention of the testatrix.

It is claimed that Doane v. Mercantile Trust Co., 160 N. Y. 494,

55 N. E. 296, is a case directly in point in support of the plaintiff's contention. In that case the testator, in dealing with the ultimate disposition of the trust fund, stated that, failing lawful issue of the life tenants, the fund should be disposed of "according to the terms of a codicil which I design soon to make to this will"; but such codicil was never executed, and the testator died intestate as to the trust fund. There it was urged on behalf of certain claimants that, where the testamentary provision for the life beneficiary is limited to income, he cannot take a remainder which lapses on the contingency of his death without issue, which would have led to the result that, although the testator's wife and daughter were his next of kin at the time of his death, they or those claiming through them, would have been excluded from the number of the next of kin entitled to the ultimate ownership of the trust fund. The court said that neither reason nor controlling authority led to such an unjust result, which would have carried the estate away from those nearest to the testator in blood and vested it in remote collaterals. No such unjust or unnatural result would follow in this case if it were held that the testatrix meant that, failing issue of her daughter, and, consequently, direct lineal descendants of herself, the trust fund should go to such persons as should be her heirs and next of kin at the date of the death of her daughter instead of at the date of her own death.

The conclusion I have reached, that the remainder over goes to the testatrix's heirs and next of kin at the date of the death of the daughter, renders it unnecessary to consider whether or not there can be a conclusive presumption that the daughter, having reached the age of 60 years, is incapable of bearing children. If desired, the plaintiff may have an accounting as prayed for in the complaint. A decision and judgment in conformity with the views above expressed may be submitted upon the usual notice of settlement.

The question of costs will be determined upon the settlement of the decision and judgment.