EMMA J. VELDERS, as Administratrix of the Goods, Chattels and Credits of ANNA M. HALEY, Deceased, Plaintiff, *v.* HENRY W. GAINES and FRANK BENJAMIN, as Executors of the Last Will and Testament of ANNA M. HALEY, Deceased, CENTRAL UNION TRUST COMPANY OF NEW YORK and IRVING TRUST COMPANY OF NEW YORK, Defendants.

(Supreme Court, New York Special Term, June, 1920.)

Wills — construction of — trusts — residuary estates — pleading — Statute of Distribution — intestacy — executors and administrators.

When a trust estate is created by a will with income to the use of a life beneficiary with remainder to his or her issue, and he or she dies without issue, it will be presumed that the testator died intestate as to the trust estate and it passes to his next of kin as of the time of his death under the Statute of Distribution even when the life tenant is the only next of kin.

A father by will gave the income of his entire estate, which he directed to be divided into four equal parts, to his wife, son and two daughters for their respective lives, and at the death of each their children were to take the residuary estate absolutely. The wife having died and also the son and one daughter, neither of whom left issue, the other daughter as sole heir-at-law and only next of kin took three-quarters of the estate and continued to receive the income of the remaining

quarter, pursuant to her father's will. *Held,* that she having died childless, the corpus of the trust estate vested in her as of the time of the death of her father, and that her last will disposing of the same operated to defeat the Statute of Distribution.

The complaint, therefore, in an action brought by her administratrix to determine the ownership of the one-quarter part of her father's estate left in trust for her benefit during life and which her executors had taken possession of, upon the claim that she could not dispose of said property by will but that it must go to her next of kin under the Statute of Distribution, is subject to demurrer.

DEMURRER to complaint.

Percy L. Klock, for plaintiff.

Thomas P. Hall, for Gaines and Benjamin, executors.

Larkin & Perry, for Central Union Trust Company of New York.

Breed, Abbott & Morgan, for Irving Trust Company.

FORD, J. At his death in 1853, Thomas Haley left a will which divided his estate, consisting of real and personal property, into four equal parts, the income from which was to go to the use during life of his wife, his son, and two daughters respectively. At the death of each, the children of the life-tenant were to take the residuary estate absolutely.

The wife, the son and one of the daughters died, the two latter without issue, so that the other daughter, Anna M. Haley, took as sole heir at law and only next of kin the three-quarters of the estate enjoyed during their lives by her predeceased relatives. She, of course, continued to take the income from the remaining quarter of her father's estate, pursuant to the terms of the will.

She too died childless in 1919. This action has to do with the ownership of the fourth part of her father's estate left in trust for her benefit during life. That she has left a will purporting to dispose of it sufficiently appears from the complaint, although the terms of the will are not set out. The executors under her will have taken possession of the property and the plaintiff disputes their right to do so on the contention that the residuary estate must go to the next of kin of Anna M. Haley under the Statute of Distribution and that she could not dispose of it by will.

An administratrix has been appointed by a surrogate in New York county in the interest of herself and two sisters, all cousins of Anna M. Haley, but children of a maternal uncle. The suit is between the administratrix as plaintiff and the executors. The defendants demur to the complaint as not stating a cause of action. There are joined two nominal defendants who need not be considered.

Since the decision in the case of *Simonson* v. *Waller,* 9 App. Div. 503, which was followed in *Brown* v. *Richter,* 25 id. 239, and approved, in part, by the Court of Appeals in *Doane* v. *Mercantile Trust Co.,* 160 N. Y. 494, it has been settled that when a trust estate is created by will with income to the use of a life beneficiary and remainder to the issue of the *cestui que trust,* and the life beneficiary dies without issue, the testator who created the trust estate is assumed to have died intestate as to the part of his estate embraced within the trust; and further, that if the life tenant dies intestate and without issue, the trust estate falls to the next of kin of the testator as of the time of his death and must be distributed under the statute of distribution. This is so even when the life tenant is the only one answering the description of next of kin.

Consequently Anna M. Haley, as such sole surviving next of kin, succeeded to the residuary estate and had she died intestate her next of kin, presumably the three cousins before mentioned, would be entitled to receive it.

But Anna M. Haley did not die intestate. She left a will disposing of the trust estate. Does the will defeat the operation of the statute of distribution? If so the plaintiffs have no cause of action.

The *Simonson Case, supra,* was one decided under the law of England. The principles involved are strikingly similar to those here. The testator's only daughter, for whose benefit a trust estate was created for life with remainder to her children, died without issue, although married. Her husband claimed the trust estate under her will. The court held that under the law of England, the estate was not subject to disposition by will, but must be disposed of under the statute of distribution.

It is worth noting that the Court of Appeals in citing the *Simonson* case with both praise and approval (*Doane* v. *Mercantile Trust Co., supra*) did not indorse that part of the opinion which held that the principal of a trust estate could not be disposed of by will under such circumstances but distinctly confined its approval to the rule there declared for determining who should be considered the next of kin and including the life tenant in the description even when that person happened to be the only next of kin of the testator creating the trust estate.

The reasoning of the court in the *Simonson* case upon which the conclusion is based that the trust estate was not subject to disposition by the will of the life tenant, was that *the corpus of the trust never vested in the life tenant.* " The trustees take the whole title and estate for the purposes of the trust," is the lan-

guage of the opinion. The conclusion was that the trustees were charged with a resulting trust to hold the residuary estate for the benefit of those who would be entitled to it by the law of England.

It is interesting to note that in a later and similar case (*Brown* v. *Richter, supra*), the same eminent jurist who wrote in the *Simonson* case argues against the contention that the trust estate there in question vested in the trustees and holds that they took only such an interest in the residuary estate as would enable them to adequately execute the trust, even though the trustees in that case were empowered to draw upon the principal of the estate so far as the necessities of the *cestui que trust* might require.

But the Court of Appeals in *Doane* v. *Mercantile Trust Co., supra,* although citing the *Simonson* case, held that under circumstances strikingly similar to those in this case the principal of the trust estate vests in the life beneficiary at the death of the testator.

In the *Doane* case a trust estate was created by the testator's giving the income to his wife and daughter for life and the principal to their issue. The wife and daughter died without issue.

" The principal fund of the residuary estate," declares the court, " upon the death of testator's wife and daughter, without issue, vested in the next of kin of the testator as of the time of his death. (*Hoes* v. *Van Hoesen,* 1 Barb. 379; *Van Nostrand* v. *Marvin,* 16 App. Div. 28; *Clark* v. *Cammann,* 160 N. Y. 315.)"

And again the court in the same case adds: "A trust limited to lives is no obstacle to this vesting in the next of kin as of the time of testator's death, as the trustees took no greater title to the fund than would enable them to execute the trust."

It seems to me, therefore, to be clear that the corpus of the trust estate must be held to have vested in Anna M. Haley as of the time of the death of her father. If that be so, it follows that she could dispose of it by will notwithstanding the contrary ruling in the *Simonson* case which was one decided under the law of a foreign country and never declared, so far as I can discover, as the law of this state. The demurrer will be sustained, with ten dollars costs.

Demurrer sustained, with ten dollars costs.