In the Matter of the Estate of Albin Carlson, Deceased.

Surrogate's Court, Bronx County, January 10, 1923.

**Wills — construction — son receives remainder of trust either under will, or as next of kin of father (Surrogate's Court Act, § 314) — payment of claim of executor not directed because not proved and allowed as required by Surrogate's Court Act, § 212 — hearing on claim directed.**

The estate of the son of the testator, who died after his father, is entitled to the remainder of the trust fund established for his benefit, either because he was entitled to the entire fund under the will, or, if not entitled to the remainder under the will, the father died intestate as to it, and the son would then inherit the remainder as the next of kin of his father (Surrogate's Court Act, § 314). The deceased son's administrator is entitled to receive the remainder.

Payment of a claim of the executor cannot be directed because it has not been proved and allowed by the surrogate as required by section 212 of the Surrogate's Court Act, but the failure to prove the claim will not defeat the executor's right, and the matter is set down at a future date for hearing.

Claim by executor against estate.

*John Kadel*, for the objectant.

*Axel Josephsson*, for the executor.

Schulz, S. The decedent intended that his son should be the beneficiary of the trust fund which he established in the 7th paragraph of his will. One of two conditions arose upon the death of the decedent; either the entire trust fund vested in the son, subject to the right of the trustee to expend the same for the son's benefit, as directed in the will, or the decedent died intestate as to the possible remainder, which would result under the circumstances which have arisen, namely, the death of the son after his father. In either case the son's estate would be the beneficiary. If it vested in the son, this is clear. If the decedent died intestate, then, as the son survived his father, he was the latter's next of kin (Surrogate's Court Act, § 314), the right to a possible remainder was distributable to him (*Clark* v. *Cammann*, 160 N. Y. 315, 329; *Doane* v. *Mercantile Trust Co.*, Id. 494; *Velders* v. *Gaines*, 112 Misc. 226; *Sweet* v. *Geisenhainer*, 3 Bradf. Sur. 114), and the deceased son's administrator is entitled to receive the same. The decree should so provide.

Payment of the claim of the executor should not be directed in the decree, because the same has not been " proved to and allowed by the surrogate," as required by law. (Surrogate's Court Act, § 212; *Matter of Marcellus*, 165 N. Y. 70, 75; *Kyle* v. *Kyle*, 67 id. 400; *Shakespeare* v. *Markham*, 72 id. 400; *Wood* v. *Rusco*,

4 Redf. Sur. 380, 384; *Matter of Smith*, 75 App. Div. 339.) I do not believe, however, that the executor should be deprived of payment, if his claim is a just one, by reason of his failure to prove the same, and I will, therefore, set the matter down upon my calendar for January twenty-fourth next for hearing, to give him an opportunity to submit his evidence.

Serve notice of hearing upon all parties who have appeared and file with proof of service.