HENRY GERMANN, Surviving Executor of the Last Will and Testament of ERNESTINE SCHAFFNER, Deceased, Plaintiff, v. MARTHA S. REYNOLDS, TITLE GUARANTEE AND TRUST COMPANY, as Surviving Executor of the Last Will and Testament of ERNEST M. SCHAFFNER, Deceased, and Others, Defendants.

Supreme Court, New York County, March 6, 1928.

Wills — construction — will devised property in trust for surviving children during lives of two daughters — upon death of daughters principal was to be equally divided among surviving children and children of deceased children per stirpes — will also authorized executors to sell property before death of daughters and divide proceeds as stated — three children died without issue — one daughter survives — executor has discretionary power to terminate trust — discretion will not be interfered with by court — if property is sold surviving daughter is entitled to entire amount — surviving daughter may require transfer in kind if executor sells — if executor does not sell prior to death of surviving daughter entire amount becomes intestate property — costs and allowances.

The will of the testatrix devised her property in trust for the benefit of her four children, three of whom survived her. The trust was limited upon the lives of two daughters. The will provides that upon the death of the daughters the property shall be equally divided among the surviving children of the testatrix and the children of any deceased child *per stirpes*. The will also provides that notwithstanding any prior disposition made of the estate, the executors may sell and dispose of the property devised in trust at any time before the death of either or both of the daughters, and that in such case they shall divide the proceeds equally among the children of the testatrix and the children of any deceased child *per stirpes*. One of the children of the testatrix predeceased her. Two others have since died without issue and the remaining child, a daughter, has no issue and is fifty-nine years of age and, therefore, the possibility of issue of her body is extinct.

Under the terms of the will and section 174 of the Real Property Law, the sole surviving executor has the discretion of terminating the trust by the sale of the property prior to the death of the beneficiaries, but the court will not interfere with that discretion by directing a sale of the property.

If the executor chooses to sell the property during the life of the sole surviving child then she will become entitled to the entire principal and in such case she may have the property conveyed to her in kind subject to proper charges and commissions.

If the property is not sold by the executor prior to the death of the sole surviving child then the principal of the trust becomes a part of the intestate estate of the testatrix to be distributed in accordance with the law.

Since the relief sought in this action in the Supreme Court could have been obtained in the Surrogate's Court, costs cannot, under subdivision 9 of section 1474 of the Civil Practice Act, be granted to the plaintiff, nor can an allowance be made to the defendants under sections 1513 and 1514 of the Civil Practice Act. However, an allowance is made to the plaintiff trustee for counsel fees.

ACTION brought by Henry Germann, as the surviving executor, to construe the will of Ernestine Schaffner, deceased.

*William E. Russell,* for the plaintiff.

*W. Wallace Dixon,* for the estate of Robert F. Schaffner, deceased.

*Oliver P. Carpenter,* for the defendant Martha S. Reynolds.

FRANKENTHALER, J.    Action by the sole surviving executor under the will of Ernestine Schaffner for the construction of said will.

Ernestine Schaffner, the testatrix, had at the time of the execution of this will four children, Emma R. Schaffner, Martha S. Reynolds, Ernest M. Schaffner and Robert F. Schaffner.    The testatrix died in 1902.    Her will provided for the creation of a trust under the 3d paragraph thereof, the income from which was to be divided equally among her surviving children and the child or children of any deceased child *per stirpes.*    The trust, comprising the entire estate, was measured by the lives of the two daughters, Emma R. Schaffner and Martha S. Reynolds.    Emma R. Schaffner, one of the daughters, predeceased the testatrix, unmarried and without issue.    Three children survived the testatrix, Ernest M. Schaffner, Robert F. Schaffner and Martha S. Reynolds, among whom the income from the said trust was equally divided.    In January, 1924, Ernest M. Schaffner died unmarried without issue.    The income thereafter continued to be divided equally between the two surviving children until August, 1924, when Robert F. Schaffner died unmarried and without issue, leaving Martha S. Reynolds as the sole surviving beneficiary.    She has since received and continues to receive the entire income from the said trust.

Of the three executors of the will here under consideration Henry Germann, the plaintiff, is the sole survivor.    The 4th and 6th clauses of the will read as follows·

"*Fourth.* Upon the death of my said daughters I direct that my property shall be equally divided between my surviving children and the children of such as shall then be dead, including the children

of my said daughters if any; such division to be *per stirpes* and not *per capita,* the children to take the proportionate share that their parent would have taken had he or she survived and been entitled to receive the same at the time of such distribution."

"*Sixth.* Notwithstanding the disposition of my estate hereinbefore made, I authorize my executors or such of them as may qualify, all acting jointly and together, to sell and dispose of any and all of my property at any time before the death of either or both of my daughters and divide the proceeds equally among my children, share and share alike, the child or children of any deceased child to take the share which the parent would have taken had he or she been living *per stirpes* and not *per capita.*"

Under the 4th clause the corpus of the trust is, upon the death of Martha S. Reynolds, the survivor of the two daughters, directed to be divided equally between the surviving grandchildren *per stirpes.* But the proof is that there are no grandchildren and that Martha S. Reynolds, the sole surviving child, by whose life the trust now is measured, is fifty-nine years of age, without issue, and that the possibility of issue is extinct. In that contingency no provision has been made in the will for the distribution of the corpus of the trust should the power to terminate the trust granted in clause 6 be not exercised prior to the death of Martha S. Reynolds.

Under the 6th clause the testatrix gave the power to her executors, " all acting jointly and together," to terminate the trust prior to the death of either or both of her daughters by the sale of the property forming the corpus of the trust, and in that event directed distribution of the proceeds equally among the children and the grandchildren of testatrix *per stirpes.* In light of the provisions of section 174 of the Real Property Law, that " Where the consent of two or more persons to the execution of a power is requisite, all must consent thereto; but if, before its execution, one or more of them die, the consent of the survivor or survivors is sufficient, unless otherwise prescribed by the terms of the power," clause 6 of the will must be held to permit of a sale by the sole surviving executor of the estate within his discretion prior to the demise of Martha S. Reynolds. The variation in the verbiage used in paragraphs 5th and 6th of the will describing the executors to whom the powers in said respective paragraphs are granted, does not seem to point to an intention to remove this case from the operation of the statute.

The defendant Martha S. Reynolds urges that as she is the sole surviving issue of the decedent without possibility of further issue, the plaintiff should, in order to avoid intestacy, be directed by the court to exercise the power vested in him under clause 6. However,

the testatrix granted the power to the surviving executor and there it must remain to be exercised or not as he sees fit. The court, in the absence of fraud or bad faith, neither of which is here charged, cannot disturb the exercise or indicate the manner of exercise of that discretion.

In the event of the exercise of the discretionary power of sale by the sole surviving executor prior to the death of Martha S. Reynolds, she alone becomes entitled to the proceeds. The will read as a whole evidences an intention on the part of the testatrix that her estate should not be divided among those not of her blood. In the 4th paragraph she directed that upon the death of her daughters the property was to be divided between her then surviving children and the children of deceased children *per stirpes*. This plan is not altered by paragraph 6, which deals chiefly with the granting to the executors of the discretionary power of sale prior to the termination of the trust by the death of the daughters. The language of distribution used in said 6th paragraph, in so far as it is explanatory, furnishes further evidence of the intention of testatrix to have her estate pass to the direct line of her blood. Martha S. Reynolds is the only one who answers to the description of the beneficiary intended by paragraphs 4 and 6. Were the meaning of the will doubtful the construction would be given which prefers the blood of the testatrix to strangers. (*Wood* v. *Mitcham*, 92 N. Y. 375; *Morgan* v. *Sanborn*, 225 id. 454, 461.)

The contention of the executors of the estate of the deceased son, Robert F. Schaffner, that upon the exercise of the power prior to the termination of the trust the distribution must be as if the testatrix had died intestate with regard to the corpus of the trust, cannot be sustained in the light of the language used in clauses 4 and 6. Such interpretation would disregard the power given to the executor by clause 6.

If, however, that power be not exercised during the lifetime of Martha S. Reynolds, no provision having been made for the disposition of the principal in such event, the corpus of the estate must necessarily pass by the intestacy of the testatrix; that is, to those who were decedent's next of kin at the time of her death. (*Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494, 499; *Velders* v. *Gaines*, 112 Misc. 226.) In the event of the exercise of the power the law seems clear that as Martha S. Reynolds becomes entitled to all of the proceeds of said sale, she may, in lieu of the proceeds, elect to receive the property in its unconverted form and require the transfer of the property to her to be in kind (*Trask* v. *Sturges*, 170 N. Y. 482, 497; *McDonald* v. *O'Hara*, 144 id. 566, 568, 569; *Greenland* v. *Waddell*, 116 id. 234, 246), and it is so held.

As the relief sought in this action could have been obtained in the Surrogate's Court of New York county (see Surrogate's Court Act, § 145), costs cannot, because of the provisions of subdivision 9 of section 1474 of the Civil Practice Act, be granted to plaintiff. Nor can allowances be made to the defendants under sections 1513 and 1514 of the Civil Practice Act, in this action for construction of a will. (*Hafner* v. *Hafner*, 34 Misc. 99; *Walter* v. *Walter*, 60 id. 570; affd., 133 App. Div. 893; affd., 197 N. Y. 606; *Downing* v. *Marshall*, 37 id. 380.) However, upon the authority of *Downing* v. *Marshall* (*supra*) and *Wetmore* v. *Parker* (52 N. Y. 450, 466, 467) an allowance may be granted herein to the plaintiff trustee for counsel fees.

It is, therefore, held and adjudged that (1) under the will the plaintiff, as sole surviving executor, has the discretionary power to dispose of the estate prior to the termination of the trust; (2) that discretion cannot be disturbed by this court; (3) if he choose to exercise said discretion and disposes of the corpus of the trust during the lifetime of Martha S. Reynolds she, as the sole surviving child, becomes entitled under paragraph 6 of the will to the proceeds, there being no other children surviving and no issue or possibility of issue; (4) if the power be so exercised Martha S. Reynolds may require a transfer in kind subject to provision for proper charges and commissions; (5) if the sole surviving child, Martha S. Reynolds, dies before the exercise of this discretionary power, then the corpus of the estate must pass to the next of kin of testatrix, Ernestine Schaffner, as of the time of her death, and (6) applications for costs and allowances are denied except that an allowance will be made to plaintiff trustee for counsel fees. Submit findings.