In the Matter of the Estate of JULIA A. VOGEL, Deceased.

Surrogate's Court, Bronx County, November 19, 1937.

*Leonard P. Moore,* for Arthur B. Vogel and William H. Acton, as executors, etc.

HENDERSON, S. In this proceeding to settle the executors' account, to which no objections have been filed, the petitioners seek a construction of the following paragraphs of the decedent's will:

" *Second.* All the rest, residue and remainder of my estate, real, personal and mixed, and wheresoever situated, whereof I may be seized or possessed or to which I may be in any manner entitled, or in which I may be interested at the time of my death, I give, bequeath and devise to my trustees hereinafter named, In Trust, Nevertheless, for the following uses and purposes:

" To hold, invest and reinvest the same; to collect and receive the rents, issues, income and profits therefrom, and after the payment of all necessary expenses, to pay over the net income therefrom to my sister Emma Cornelia Vogel, for and during the term of her natural life.

" *Third.* I direct that the payment of income to my said sister Emma Cornelia Vogel shall be made in quarterly or monthly installments as far as practicable. In the event that the annual income shall fall below Fifteen hundred Dollars, then I authorize, empower and direct my said trustees, in their discretion, to pay over unto my said sister Emma Cornelia Vogel out of the principal of said trust such additional sum as may be necessary to bring the annual amount received by her therefrom up to the sum of Fifteen hundred Dollars."

The testatrix limited the time of enjoyment of her gift of income to the lifetime of the donee thereof. She also limited the amount of the annual invasion of the principal which her trustees, in their discretion, could make for the benefit of such donee. Although the testatrix made no gift of the principal other than such possible invasion, she clearly expressed her intention to limit the amount of the principal which the trust beneficiary could receive each year. The executors urge the application of the rule of construction that a gift of income without mention of principal is a gift of the principal. (*Hatch* v. *Bassett*, 52 N. Y. 359, 362.) Where, however, it is clear, as in the will before me, that the testamentary intent is inconsistent with the rule, the rule must yield to the stronger force of intention. (*Paterson* v. *Ellis*, 11 Wend. 259, 298; *Locke* v. *F. L. & T. Co.*, 140 N. Y. 135, 146, 149.)

The testatrix created a valid trust of her residuary estate which terminates upon the death of the beneficiary or upon the prior exhaustion of the principal by the authorized invasions. The remainder of the residuary trust passes as intestate property to the trust beneficiary, who is the sole distributee of the decedent. There is no incongruity in the income beneficiary having a vested remainder (*Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494, 499), and her two estates do not merge.

Submit decree settling the account and construing the will accordingly.