In the Matter of the Will of John J. Schmitt, Deceased.

William O. C. Kiene et al., as Executors of John J. Schmitt, Deceased, Petitioners; Lenox Hill Hospital et al., Respondents.

Surrogate's Court, New York County, August 14, 1942.

*Appell & Appell* (*Frank C. Laughlin* of counsel), for William O. C. Kiene, as executor, petitioner.

*James F. Carroll* for Howard A. Butler, as executor, petitioner.

*Alger, Peck, Andrew & Rohlfs* for Charles Wiesmann, as executor, petitioner.

*Curtis, Mallet-Prevost, Colt & Mosle* for Lenox Hill Hospital, respondent.

*Henry P. Velte* for The German Society of the City of New York, legatee.

*Steinkamp & Steinkamp* for The Wartburg Orphans' Farm School of the Evangelical Lutheran Church, legatee.

*Matthew B. Sentner* for The New York Association for the Blind, legatee.

*Earle, Rust & Reilly* for Ottilie Orphan Asylum Society of New York, legatee.

*George G. Zabriskie* for Seaman's Church Institute of New York, legatee.

*Davis, Polk, Wardwell, Gardiner & Reed* for St. John's Guild of City of New York, legatee.

FOLEY, S.  This is an application by the three executors for a construction of the will.  The testator died on November 24, 1940.  In the third paragraph of his will he directed his executors to sell all of his real property not specifically devised.  The fifth paragraph of the will gives all of the residuary estate to the Lenox Hill Hospital on condition that the legatee accept the gift and designate it as a memorial to the decedent and members of his family.  The charitable residuary legatee duly filed its acceptance of the gift in accordance with the terms of the will.

The gross estate of this decedent approximated $1,500,000.  Of this amount approximately $800,000 consisted of real property.  The testator's will provides for general legacies of $457,800.

On January 6, 1941, the charitable residuary legatee gave notice to the executors that it elected to take over the real property in kind, there being no necessity for a sale thereof.  This election by the legatee precipitated this proceeding for a construction of the will.

The executors contended that the personal property in their hands was insufficient to pay the debts, legacies and administration expenses and that, therefore, it would be necessary to exercise their power of sale over the realty.  After hearing the parties and taking the proofs in this matter the surrogate was prepared to hold that the personal property in the hands of the executors was sufficient to pay the debts, legacies and administration expenses, and that the election by the residuary legatee to take over the realty in kind extinguished the power of sale of the executors.  (*Trask* v. *Sturges*, 170 N. Y. 482; *McDonald* v. *O'Hara*, 144 N. Y. 566; *Mellen* v. *Mellen*, 139 N. Y. 210; *Germann* v. *Reynolds*, 131 Misc. Rep. 559; affd., 224 App. Div. 734; *Matter of Hennessy*, 155 Misc. Rep. 53.)

The law is well settled that persons absolutely entitled to the proceeds of the sale of land may extinguish the power of sale over such land by electing to take the property in its unconverted form.

While this matter was *sub judice* the charitable residuary legatee filed a duly acknowledged instrument by the terms of which it specifically agreed to take over the unsold personalty and the real property from the executors and to supply the executors with sufficient cash to pay all debts, legacies, taxes and administration expenses.  For some reason which is not apparent to the surrogate the executors have been unwilling to accept this offer.  The salutary results of the acceptance of this offer are apparent.  It is obvious that if the offer is accepted

the administration of this estate may be expeditiously terminated, and the legacies and debts paid, and the testator's intention completely effectuated.

In a lengthy brief which is replete with technical arguments, the executors contend that their power of sale over the realty cannot and should not be extinguished and the offer should not be accepted. They contend that the legatee is not the only person interested in the real property because the gift was conditional, and upon the failure to comply with the condition there was a gift over to other charities. The condition attached to the gift here was a condition precedent. This condition has been fulfilled by the acceptance of the gift by the Lenox Hill Hospital in accordance with the terms of the will. The charities which would take on the nonacceptance of the gift have no rights in the residuary estate. In any event these charities are parties to this proceeding and will be bound by any adjudication made.

The executors further argue that since the residuary legatee is a charity it cannot be said to have the entire beneficial use of the property since the general public will be the ultimate recipient of the testator's bounty. This hypothetical and illogical argument is without merit. The legatee takes the bequest under this will absolutely as it takes other gifts toward its endowment.

The evils attendant on the adoption of the procedure proposed by the executors are as apparent as the benefits which would result from the acceptance of the offer of the charity. In arguing that they should retain the power of sale the executors state that the testator evidenced an intention to make a gift of ''cash'' to the charity. It is impossible for the surrogate to comprehend how these executors will be able to sell $800,000 worth of realty for ''cash'' in their lifetime unless they intend to sell the property at a small fraction of its actual value. Under the theory of the executors the gift to this charity would be administered as a trust and the gift would not be complete until the liquidation of all of the property. Due to present world economic conditions this period might well extend over at least thirty years. The testator did not create any trust here, nor intend that the gift be administered as a trust. He intended that the charity should have the principal of the gift as a part of its endowment so as to supply the hospital with sufficient funds to provide for continuous care of the sick in the name of the memorial to the decedent and his family. The adoption of the executors' mode of procedure would thwart the testator's intention. Furthermore, the constant friction attendant on the management of the

real property and the terms of sale of each parcel between the legatee and the executors is not difficult to foresee. Obviously the retention by the executors of the real estate for the long period over which it must be held for its liquidation will entail great expense.

While the question of commissions is not now before the court, is is clear that commissions on the rents of the real property for three executors over any period of time will amount to a sizeable sum. However, all questions as to the computation of commissions and the fixation of attorneys' fees must be determined in the accounting proceeding.

The proposal of the legatee to take over the unsold assets and provide funds for the payment of the debts, legacies and administration expenses is not an unusual procedure in this court. It was adopted in the celebrated Ella V. von E. Wendel estate and in the estate of John Whalen. It has become particularly helpful under present economic conditions, which have produced a depressed real estate market, to have the residuary legatee or legatees take over real estate and nonliquid assets and provide cash for the expeditious administration of the estate. Never before in the experience of the surrogate has the validity of such an offer been litigated. The failure of these executors to accept promptly this offer is incomprehensible.

The surrogate accordingly holds that the executors' power of sale over the realty has been extinguished and that the offer of the residuary legatee must be accepted by the executors. Only by the acceptance of this offer can this estate be promptly and effectually administered and the intention of the testator carried out.

Submit decree on notice in accordance with this decision.