In the Matter of the Accounting of CLEO V. CHICHESTER, as Surviving Executor of AUSTIN T. CHICHESTER, Deceased.

Surrogate's Court, Schoharie County, May 24, 1945.

*Wallace H. Sidney* for surviving executor, petitioner.

*William H. Golding* for Coit E. Chichester, respondent.

WHARTON S. The last will and testament of Austin T. Chichester was executed on June 6, 1941, and was duly admitted to probate following his death on July 26, 1943. After small bequests his widow received the life use of all property with the right to invade the principal. She died on July 21, 1944, whereupon all remaining property under the will now goes to the sons of the deceased, Cleo and Coit. In this proceeding for a final judicial settlement Cleo has accounted as sole surviving executor, the widow having been associated with him in such capacity during her lifetime. Coit, who was not named an executor, has objected to his brother's account insofar as the payment and allowance of the following promissory note is concerned:

" $3500.00/100      Middleburgh, N. Y. Dec. 24, 1940
On Demand after date I promise to pay to the order of
CLEO V. CHICHESTER
Thirty Five Hundred...Dollars at The First National
Bank of Middleburgh, N. Y.
    Value received
No.      Due            AUSTIN T. CHICHESTER "

The foregoing obligation antedated the will and must be satisfactorily established by extraneous proof under section 347

of the Civil Practice Act. The personal representative is strictly regarded under our decisions as a trustee of the assets for the benefit of all interested persons and is thereby charged with a high degree of fidelity. His claim and all of the surrounding facts have therefore been scrutinized with the greatest care. Through the testimony of several witnesses the usual elements constituting proof of a valid and subsisting promise to pay have been established and are virtually uncontradicted on the part of the objectant.

It is urged that the surviving executor has failed to prove that he has presented himself with his own verified claim under section 207 of the Surrogate's Court Act. He in turn asks to reopen his case for the purpose of showing that his claim was formally prepared, sworn to and submitted and requests that he be allowed to file the same. This issue does not appear to the court to be of great moment in the consideration of the claim. Several decisions submitted by the objectant relate to our former practice and are cases in which the claim of the personal representative was not established in the customary manner.

The statutory provision above noted is designed for the protection and assistance of the personal representative and specifically states that he may require creditors to submit and verify their claims. Its language is not mandatory. Many decisions charge such representative whenever he has actual knowledge of a claim regardless of its formal submission to him. The representative may waive the presentment of the claim as a legal formality since the statutory requirement is for the protection of the representative. (3 Warren's Heaton on Surrogates' Courts, § 270).

Fairness and justice appear to be intended rather than technical statutory compliance in the filing of a verified claim. (O'Brien v. O'Brien, 16 N. Y. S. 2d 799; Matter of Carlson, 132 Misc. 748.)

In the case of the representative's own claim however, it is obviously important that the rights of all other interested persons be fully protected. Merely filing a verified claim with himself could serve no practical purpose in protecting the rights of such interested parties. The executor's note and the fact of its nonpayment have been set up in detail in his petition and again in his verified account and it is difficult to believe that the filing of a third statement thereof would in any wise affect the merits of his claim. An intermediate account might have been requested by anyone in interest and would have been desirable as a matter of practice had such demand been made in due course.

Testimony as to the executor's verified claim as sworn to on March 3, 1944, has been received under advisement and the objecting distributee has had ample opportunity to examine the claim and present any further proof which might reflect on the circumstances surrounding its verification or otherwise.

A final decree may be entered allowing the executor's claim and directing that it be filed and otherwise providing for the distribution of the estate in accordance with the provisions of the decedent's will.