" *Ninth.* All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and kind, including my lot in Greenwood Cemetery, I give, devise and bequeath to Florence A. Coombs who grew up as a child in my family and lived with me for many years, the same to have and to hold forever."

*James M. Gray* and *Thomas J. Towers* for appellant.

*Herman Aaron* and *C. Bertram Plante* for respondents.

Order affirmed, with costs payable out of estate; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Will of RANSOM PARKER, Deceased. CLARK PARKER LATTIN et al., Appellants; RANSOM J. PARKER et al., Respondents.

*Will — construction — direction that name of one of executors and trustees be stricken out and eliminated from will and in place thereof be substituted the names of two others — question whether name was to be eliminated wherever it appeared in will or whether result was simply his elimination as executor and trustee.*

*Matter of Parker (Will),* 204 App. Div. 876, affirmed.

(Argued May 28, 1923; decided June 12, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1922, unanimously affirming a decree of the New York County Surrogate's Court construing the will of Ransom Parker, deceased. The question was whether the 8th article of the codicil eliminated from the will the testator's grandson, Ransom J. Parker, and his issue, wherever their names appeared, or whether the effect of said article was merely to substitute the testator's two sisters for Ransom J. Parker as executor and trustee. The article is as follows. " *Eighthly.* I hereby direct that the name, ' Ransom J. Parker,' one of the Executors and Trustees named in my said last Will and Testament in sub-division marked ' Fifthly ' thereof, be stricken out and eliminated from

my said last Will and Testament, and that in place and stead of the said name ' Ransom J. Parker ' there be substituted the names ' Mary Elizabeth Parker Place and Priscilla Townsend Parker Starin,' whom I hereby appoint in the place and stead of said Ransom J. Parker, as Executors and Trustees of my said last Will and Testament, hereby expressly granting unto these said Executors and Trustees, namely, Mary Elizabeth Parker Place and Priscilla Townsend Parker Starin, and to my other said Executor and Trustee named in my said last Will and Testament, full power and authority to grant, convey, sell at either public or private sale, lease or otherwise dispose of any and all real estate of which I may die possessed, and to that end and purpose I hereby grant unto my said Executors and Trustees full power and authority, and expressly authorize them to make, execute and deliver any and all deeds of conveyance, leases or other instruments in writing which may be necessary."

*Alton B. Parker* for appellants.

*Frank C. Laughlin* and *John J. Kirby* for Ransom J. Parker, respondent.

*John J. Kirby* for Martha M. Parker et al., respondents.

*David L. Weil* for Clark P. Lattin Jr. et al., respondents.

*Jesse Grant. Roe* for George J. Gillespie, as trustee, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

CIOCCA-LOMBARDI WINE COMPANY, Respondent, *v.*
ENRICO FUCINI, Appellant.

*Contract — sale — sale of wine for lawful use and under government permit — action to recover for breach of contract — defense that purchaser was unable to obtain permit to purchase and transport wine.*

*Ciocca-Lombardi Wine Co. v. Fucini*, 204 App. Div. 392, affirmed.
(Argued May 29, 1923; decided June 12, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-