In the Matter of the Estate of DANIEL HENNESSY, Deceased.

Surrogate's Court, New York County, April 2, 1935.

*Francis R. Holmes,* for the trustees.

*Phillips, Mahoney, Leibell & Fielding* [*Warren C. Fielding* of counsel], for Richard Hennessy and others.

*McManus, Ernst & Ernst* [*Terence J. McManus* and *Alfred L. Weinberg* of counsel], for Irene Brown Hennessy, individually and as executrix, etc., of Richard White Hennessy, deceased.

DELEHANTY, S. This is a proceeding by trustees for the settlement of an account of their proceedings as such under the will of deceased who died on March 19, 1901. In this proceeding they ask for a construction of the will of deceased because of the death of the son of deceased who was a beneficiary under his will.

The trustees heretofore accounted for the period ending January 1, 1916. A decree on that accounting was entered June 2, 1917. A second intermediate account of their proceedings for the period ending December 30, 1930, was settled by decree dated July 3, 1931. A third intermediate account of their proceedings to May 31, 1933, was settled by decree dated July 15, 1933.

Deceased left surviving him two daughters who still survive, and a son, Richard, who died on September 29, 1934. The son was twice married. Three children of the son by his first wife survive. The second wife survives. There were no issue of his second wife. By the terms of the son's will his property passes to his widow.

In this proceeding the trustees ask for a construction of paragraph fifth of the will of deceased. The son's children join in this request. The son's widow asks that paragraph fourth of deceased's will be construed also.

By paragraph fourth of his will deceased devised to his daughter Jane a life estate in the premises 799 Madison avenue. Authority was given to Jane to sell the premises provided her sister Josephine assented thereto. The proceeds of sale were during the life of Jane to be held in trust and the income thereon paid to Jane while she lived. The will then provided that " after her death, the whole of such proceeds of said premises, No. 799 Madison Avenue, if so sold as aforesaid, shall be divided equally between my said daughter Josephine and my son Richard W. Hennessy for her and his own use, benefit, and behoof forever."

Paragraph fifth of the will of deceased purported to devise in trust certain lands in the city " for and during the natural life of my son Richard W. Hennessy, or until he shall arrive at the age of thirty years, in case he shall live so long." The net income of the realty so devised in trust was to be paid in equal shares to the two daughters and the son of deceased. Authority was given to sell the land upon the joint consent of the two daughters while both lived or thereafter on the sole consent of the survivor of them. In the event of sale the proceeds thereof were to be divided into three equal parts, one of which was to go to each daughter and the third was to be continued in trust during the life of the son. Upon the son's death the principal thus set apart in trust for him was to be divided and paid over to his issue.

By paragraph ninth of his will testator devised and bequeathed "all the rest, residue and remainder of my property, real and personal, and wheresoever situate the same may be, and not otherwise herein disposed of," to his executrices in trust "to sell and convert the same into money and with the money thus arising to pay all my just debts and obligations including bonds and mortgages, and to divide the surplus, if any, into three equal parts or shares." This paragraph then directed delivery of one of such shares to each daughter respectively and directed the holding in trust for the son Richard of the remaining share for the life of Richard and directed distribution of the principal of such share upon Richard's death to Richard's issue.

Paragraph tenth of the will named the daughters executrices. At the date of death of testator Richard was already thirty years of age. The premises mentioned in paragraph fourth of the will have not been sold. The premises mentioned in paragraph fifth of the will have not been sold.

Concededly, complete disposition of the premises 799 Madison avenue is not made by the terms of paragraph fourth of the will. The trustees assert that all interests in such property not disposed of by paragraph fourth have passed to them under the provisions of paragraph ninth dealing with the residuary of the estate. The widow of the son asserts intestacy as to the remainder interest left undisposed of by paragraph fourth.

Authority need not be cited for the proposition that intestacy is to be avoided if possible and that, especially in the case of a will containing a residuary clause, it is to be assumed that the testator did not intend to die intestate as to any of his property. General rules furnish a standard for judicial decision where the particular circumstances of the case contain nothing requiring variance. In this will deceased undertook to make special provision respecting premises 799 Madison avenue.

The direction to sell contained in paragraph ninth of the will is mandatory. It effected in law a conversion into personalty of the real property affected by it. (*Doane* v. *Mercantile Trust Company*, 160 N. Y. 494, 497; *Bowditch* v. *Ayrault*, 138 id. 222, 227; *Underwood* v. *Curtis*, 127 id. 523, 532; *March* v. *March*, 186 id. 99, 104; *Union Trust Co.* v. *Cole*, 198 App. Div. 534, 536; *Matter of Harris*, 138 Misc. 287, 288, WINGATE, S.) It cannot be assumed that this testator intended any such result in respect of the remainder interest in the premises 799 Madison avenue. A contrary intention explicitly appears from the terms of the will. He did not give to his executrices the power to sell that remainder or any interest in this parcel. On the contrary, the only admissible meaning of

his will is that in respect of this property he deprived his executrices in their representative capacity of any power of sale. He gave the power of sale only to his daughter Jane. Josephine had to consent, but Jane alone could initiate a sale. The proceeds of this parcel when sold could not be used to pay debts or mortgages, as directed respecting the residuary funds. They had to be paid one-third to Jane, one-third to Josephine and one-third to Richard. Testator gave no power to any one to sell a remainder interest, as such, in this property. He authorized a sale of the fee only. By granting authority to his daughter Jane to sell the fee he withheld from his executrices the power to sell the remainder. It is wholly inconsistent with his plan of disposal of the entire property right in 799 Madison avenue to assume that he contemplated the existence coincidentally of a life estate in his daughter Jane and a remainder interest in the hands of some stranger to whom his executrices had conveyed that interest. The remainder interest on which alone the residuary clause could operate would be an interest burdened with a power of sale in others than the vendee of the remainder and subject, too, to complete extinguishment by exercise of such power of sale and by distribution of the proceeds to others than the vendee. A remainder interest so burdened would be valueless and it must be assumed that testator knew that fact.

Because to hold otherwise would do violence to the plain intention of the testator as gathered from his will as a whole, it must be held that the remainder interest in the premises 799 Madison avenue was not disposed of by the testator and in consequence that it descended in equal shares to his two daughters and his son. In reaching this result the interpolation in the original will of the words in the residuary clause " and not otherwise herein disposed of " has been given consideration. While that interpolation should be given effect in respect of property to which it may fairly be held to relate it does not suffice to change the ruling here made because, as stated, the scheme of the testator in respect of premises 799 Madison avenue excludes that property altogether from the operation of the residuary clause.

The court has not overlooked the argument that the testator may have contemplated that at sometime in the future the remainder interest in 799 Madison avenue would pass into the hands of the trustees if the life tenant were to die without exercising the power of sale. That argument must assume that the testator made no provision for the contingency which has actually happened here, to wit, the termination of the trust under the residuary at the death of the son prior to the death of the life tenant of the Madison avenue property. We thus have a choice of assumptions as to what the

testator forgot. Surely he did not intend that the trustees would continue in office after the limiting life had ended and with no property upon which to exercise their functions. No trust was limited upon the life of the life tenant of the Madison avenue property and so it must be held that in the testamentary scheme respecting the Madison avenue property there was lack of disposition of the remainder.

Since the time has arrived when distribution must be made of the residuary trust principal, it is appropriate to decide whether the premises 799 Madison avenue are included in such principal. All parties in interest are before the court. Decision ought to be made now whether the entire trust corpus is being accounted for and distributed. This is true though the trustees do not report the property in their account as part of the trust corpus. Having decided that no interest in 799 Madison avenue was ever in the trust, no further ruling need be made now respecting that property. Whether any further question respecting it will be cognizable here may depend on the form in which the problem is presented.

Under paragraph fifth of the will it is to be noted that the lands there described were to be held in the trust there provided for only until the son reached the age of thirty if he should live so long. Since the son was already thirty when decedent died that provision was ineffective. It follows that the property there referred to must be dealt with as property undisposed of by the will unless it passed under the residuary clause. Whether the testator intended the fifth paragraph to be exclusively his declaration of purpose as to the property there described requires consideration. The terms of paragraph fifth differ from those of paragraph fourth in that in the fifth paragraph the property was devised directly to trustees and there was no intervening life estate. Its text differs, too, from that of the fourth paragraph because in the fifth paragraph the power of sale was given to the daughters who were the executrices. The fifth paragraph differs from the fourth also in the disposition of the proceeds of a sale. Instead of giving any part thereof outright to the son (as is the case in the fourth paragraph), his share in the event of sale was to be set apart in trust for him and was to go eventually to his issue. This scheme of disposition of the proceeds of the property is exactly that contemplated by the residuary clause. There is no inconsistency in tenor between the fifth paragraph and the residuary clause except that the latter contains a mandatory direction to sell and the former a permissive power of sale. Under the rules applicable to the interpretation of the will of deceased and on the authorities which hold that intestacy is to be avoided, the court, if the question were open, would rule

that the property described in paragraph fifth fell into the residuary clause and passed by its terms.

The question is not open because in the three prior decrees entered in respect of this estate the property in question has been dealt with as having passed into the residuary trust. The second decree approved a payment of $42,000 from the principal of the residuary estate in satisfaction of a mortgage on premises referred to in paragraph fifth. In all the prior accountings these trustees reported transactions concerning these properties which involved not only current but also capital outlays. On all such accountings the son was cited as a necessary party, made no objection to the inclusion of the properties as part of the residuary trust and took no appeal from the decrees in question. He was bound by them in his lifetime. His successor in interest is equally bound.

Even if it were to be conceded that there was doubt originally respecting the application of the residuary clause to the property described in the fifth paragraph of the will, it must be held that the practical construction adopted by the parties is now the law of the case. Their acquiescence in the course of handling of this property over this period of years has reached a point where there is an estoppel against any contention now that there was intestacy as to the property mentioned in the fifth paragraph of the will. (*Matter of Parker*, 118 Misc. 121, 126; affd., 204 App. Div. 876; affd., 236 N. Y. 583; *Matter of Von Bernuth*, 127 Misc. 705; *Matter of Oltmans*, 53 id. 208, 210; *Bacon* v. *Sayre*, 84 id. 462; affd., 218 N. Y. 725; *Dunlap* v. *Gill*, 23 Misc. 418; affd., 39 App. Div. 638; *Matter of Thompson*, 5 Dem. 117, 123; *Thorn* v. *De Breteuil*, 179 N. Y. 64; *Reid* v. *Sprague*, 72 id. 457; *Cushman* v. *Cushman*, 116 App. Div. 763, 770; affd., 191 N. Y. 505.)

The direction in the residuary clause for immediate sale is a direction which could have been enforced but was not. Acquiescence in that course of conduct by the deceased son is also established. His successor is not interested in the question since the property passes to others. The other parties in interest who take as remaindermen under the residuary trust may, if willing, take distribution in kind. In that event no sale need now be made of the trust principal despite the direction. (*Prentice* v. *Janssen*, 79 N. Y. 478; *Greenland* v. *Waddell*, 116 id. 234; *Trask* v. *Sturges*, 170 id. 482; *Hetzel* v. *Barber*, 69 id. 1.) Authority resides in the trustees now to make conveyance of the land to the remaindermen. If the remaindermen are unwilling to take the property in kind it may be sold by the trustees under the power of sale given them in the residuary clause. (*Mellen* v. *Mellen*, 139 N. Y. 210; *McDonald* v. *O'Hara*, 144 id. 566.)

Question has been raised respecting the payment of trustees' commissions. The entry of the decree of July 15, 1933, entitles the trustees to compute commissions on income for the period beginning June 1, 1933, at the full rates prescribed in the statute. (Surr. Ct. Act, § 285; *Matter of Martin*, 196 N. Y. 415.)

Question has also been raised concerning commissions on principal. Since the residuary trust under the rulings here made exceeds in capital value the sum of $100,000 each trustee is entitled to a full commission. The trust under paragraph eighth of the will is a separate and independent trust. Since the capital of it is less than $100,000 a single commission only is payable to be divided between the trustees. (*Matter of Johnson*, 170 N. Y. 139; *Matter of Coutts*, 260 id. 128; *Matter of Sidenberg*, 147 Misc. 742; *Matter of Potter*, 106 id. 113.)

The objections to payments out of income for the cost of installing a sprinkler system were sustained on the argument, except as to some trifling sum which might be charged on an amortized basis against income for the year in which the son died. Right to compute that fraction was waived by the remaindermen on the argument.

The charge of an attorney for services rendered to the trustees in a proceeding to compel them to account is not a proper charge against income and the objection thereto is sustained. It is a capital charge, if allowable at all.

The sum of $960.21, to which objection is made, is to be adjusted on the settlement of the decree. Only so much of this sum as represents permissible charges paid during the lifetime of the son should be charged against his interests. Counsel can agree upon the exact figures before submitting the decree.

Submit, on notice, decree construing the will and settling the account in accordance with this decision.