John D. Bennett, S.
The court reaches its conclusion with great reluctance and only because clear alternatives do not pxesent themselves in the testimony. This much is certain: The executor, an attorney, has disregarded the desire of the decedent, his mother, expressed in the will to “ always provide a home ” for his brothers and sister. All the more disturbing is the fact that the draftsman of the will is this same executor who receives by the will what his mother apparently regarded as her entire estate, the family residence.
The executor, James E. Smith, seeks a construction of the decedent’s will. The decedent died a resident of Freeport, Nassau County, New York, leaving a will dated January 26, 1943 which was admitted to probate on August 23, 1943. The will consists of three short paragraphs and is confined to one typewritten page. The First paragraph directs the payment of debts, and the Third appoints the petitioner as executor. The Second paragraph, the subject of this proceeding, reads as follows: “I give, bequeath and devise my house at 62 Porter-field Place, Freeport, Nassau County, New York, together with the household effects and jewelry to my beloved son, James, with the understanding that he will always provide a home for my beloved sons Gregory, Eugene and Richard also my beloved daughter Lucy. The reason for leaving my entire estate to my son J ames has been explained and understood by the rest of my beloved children.”
The petition recites that the sole asset discovered initially was the premises known as 62 Porterfield Place, Freeport, New York, but that recently the existence of another asset, a bond registered in the name of the decedent in the amount of $1,000, came to light. The corporation’s refusal to transfer the bond to petitioner individually as he requested, together with apprehension as to the title of the premises, has precipitated the present proceeding.
The petitioner contends that under paragraph Second of the will the premises in question were devised to him: “ free of any claims of Gregory Smith, Eugene Smith, Richard Smith and Lucy Coburn ’ ’, the latter named individuals being the brothers and sister of the petitioner and exclusive of Gregory Smith, also the respondents herein. Petitioner also contends that the last *172 sentence of paragraph Second of ijhe will in effect constitutes him residuary legatee of the will, entitling him to the $1,000 bond.
At the hearing the respondents proceeded on the theory that the devise of the real property as demonstrated by the language ' used, and the circumstances surrounding the execution, compelled a recognition by this court of a constructive trust. The petitioner has been content with resting his case upon the will itself, claiming no testimony necessary for its interpretation. At the commencement of the hearing petitioner’s motion was reserved to strike out all the testimony at the conclusion of the case.
The petitioner’s contention is that the language following the devise of the premises to him is precatory, citing among others the case of Tillman v. Ogren (227 N. Y. 495).
Some preliminary observations on the burden imposed on the attorney petitioner here are in order. In all transactions between attorney and client, where gain or advantage is sought by the attorney, he has been burdened with the responsibility of proving that each such transaction was fair and reasonable and was fully understood by the client (Matter of Howell, 215 N. Y. 466). In the Howell case, the court said at page 472: ‘ ‘ Here we have the alleged contract made at the close of a trial at a time when the relation of attorney and client had existed for a long period of time and was still in force. In determining the validity and conclusiveness of such contracts, in view of the confidential relation between the parties, the same will be carefully scrutinized by the courts. In some jurisdictions it has been held that such agreements are void. In other states contracts of such character are held to be affirmatively invalid on the ground of fraud, and the burden is on the attorney to show the fairness of the transaction in that the compensation provided for does not exceed a reasonable compensation for the services rendered or to be rendered. In this state it has been held that as to contracts made between the attorney and his client, subsequent to the employment which are beneficial to the attorney, it is incumbent on the latter to show that the provisions are fair and reasonable, and were fully known and understood by the client. (Boyd v. Daily, 85 App. Div. 581; affirmed 176 N. Y. 613; Whitehead v. Kennedy, 69 N. Y. 462, 466.) ”
In the construction of agreements between an attorney and his client wherein any ambiguity arises, doubtful clauses are construed most strongly against the attorney (Mackey v. Passaic Stone Co., 36 N. Y. S. 2d 232, affd. 266 App. Div. 690, affd. 292 N. Y. 525; Samuels v. Simpson, 144 App. Div. 466, affd. 207 N. Y. 643).
*173 The rule that an attorney must come forward and demonstrate that transactions with his client were fair and reasonable has also been applied in probate proceedings where the attorney who drafted the will is also named as a beneficiary. The leading case setting forth this proposition is Matter of Putnam (257 N. Y. 140, 143). There the court stated: “ Attorneys for clients who intend to leave them or their families a bequest would do well to have the will drawn by some other lawyer. Any suspicion which may arise of improper influence used under the cover of the confidential relationship may thus be avoided. The law, recognizing the delicacy of the situation, requires the lawyer who drafts himself a bequest to explain the circumstances and to show in the first instance that the gift was freely and willingly made. (Matter of Smith, 95 N. Y. 516.) ‘ Such wills, when made to the exclusion of the natural objects of the testator’s bounty, are viewed with great suspicion by the law, and some proof should be required beside the factum of the will before the will can be sustained. ’ (Marx v. McGlynn, 88 N. Y. 357, 371.) In the absence of any explanation a jury may be justified in drawing the inference of undue influence, although the burden of proving it never shifts from the contestant. (Matter of Kindberg, 207 N. Y. 220, p. 228.) ”
Where similar circumstances exist, the general principles should apply in a construction proceeding, conditioned however on the necessity of determining the testatrix’ intent, as in the instant proceeding, even when the attorney fails to shoulder the burden imposed on him.
In view of the petitioner attorney’s failure to testify, any ambiguity should be resolved against him. However the difficulty here is that, the will having been admitted to probate, there remains no longer any question as to the validity of the gift. The sole question remaining is the meaning of the language constituting the gift. Even though ambiguities should be resolved against the attorney, an adjudication as to the precise nature of the respondent’s interest in the premises is required. If the court were to hold that the devise was conditioned upon providing “ a home ” for the decedent’s children, the difficulty of implementing such a holding appears insurmountable. On the evidence given at the hearing, the precise nature of the respondents’ interests, if any, have not been clearly delineated.
This same difficulty prevents any finding of a constructive trust. No constructive trust was pleaded nor Were its elements defined in the evidence. Under such circumstances the relief sought by the respondents as to the “ home ” cannot be granted by this court. It would, therefore, serve no useful purpose to *174 discuss the ambiguity inherent in the word ‘ ‘ understanding ’ ’ as used in paragraph Second of the will (Tillman v. Ogren, supra).
In addition it must be pointed out that the equities do not rest entirely with the respondents. For upwards of 10 years they took no affirmative action in support of their position, and are here now only because the petitioner himself instituted this construction proceeding. None of the respondents since 1947 has lived at the premises in question nor contributed to its maintenance. They have in effect adopted a practical construction of the words in the will, and have acquiesced by conduct in the acts of the petitioner, unconscionable as they now assert them to be (Matter of Parker, 118 Misc. 121, affd. 204 App. Div. 876, affd. 236 N. Y. 583; Matter of Snell, 173 Misc. 282, 286; Matter of Hennessy, 155 Misc. 53; Matter of Oltmans, 53 Misc. 208; Dunlap v. Gill, 23 Misc. 418, affd. 39 App. Div. 638; Matter of Thompson, 5 Dem. 117).
The motions to strike out testimony on which decision was reserved at the hearing are denied. On all the evidence the court holds that the will devises premises 62 Porterfield Place, Freeport, Nassau County, New York, together with the household effects and jewelry in fee simple absolute, without any condition or constructive trust. The court further finds that the will does not dispose of any property other than the above-mentioned premises, household effects and jewelry, and that the decedent died intestate as to any other property including the $1,000 bond.
Settle decree on five days’ notice.