Joseph A. Cox, S.
The Attorney General of the United States as successor to the Alien Property Custodian seeks a construction of subdivision IV of paragraph Second of the will which reads: “ IV. If my friend Martha Weitemeyer is living at the time of my death I direct my executors to pay her the sum of *846 Four hundred dollars ($400.00) per year commencing from the date of my death. I authorize them in their absolute discretion to either create a trust fund for such purpose or to purchase any annuity to provide for such payments from such source as they consider responsible. Such purchase of an annuity shall relieve them from any and all further responsibility in the matter. If the purchase price of such an annuity constituted,-in the judgment of my executors (such judgment to be final and conclusive) more than seven percent (7%) of the amount of my estimated net estate disposed of by this Paragraph 1 Second ’ the amount of the purchase price of such annuity shall be reduced to such percentage and the amount of the annuity correspondingly reduced, it being my intention that the benefit or benefits therein provided for Martha Weitemeyer shall not exceed seven percent (7%) of my estimated net estate disposed of by this Paragraph ‘ Second ’ of my Will.” This same paragraph was construed by Surrogate Delehanty in a decision of February 26, 1947 in which he held that the administrator c.t.a. was authorized by the will to purchase an annuity or to set up a trust in its discretion. He further held that if a trust were selected he would appoint the present trustee. The trust was selected with the corpus limited to 7% of the net estate or $6,180.47. The decree directed payment to the Alien Property Custodian who had vested all the right of Martha Weitemeyer in this estate of 7% of the income accumulated during administration or $1,099.17 which covered the period from date of death, October 6, 1941, up to the date of the decree, April 17, 1947. No claim was then made by the Alien Property Custodian to any of the principal of the trust by reason of the income being insufficient to pay $400 annually during the period of administration although he did claim the entire fund -as an annuity. Since the date of the decree on that accounting, i.e., April 17, 1947, he has received only the income ■ from the trust which amounted to about $150 annually. Now, some 16 years after the date of decedent’s death and more than 10 years after the decree on the administrator’s accounting he claims that the will directs payment of $400 annually in any event to Martha Weitemeyer and that since he vested her interest he is entitled to $400 a year for 16 years or $6,400 less the amount of income paid him totalling $2,030.67, leaving due him out of principal $4,370.33.
• The claim of the Attorney General that the income beneficiary is entitled under the will to $400 annually in any event is not supported by the paragraph in question for it provides that if the purchase price of an annuity to produce $400 annually con *847 stituted more than 7% of the estimated net estate the amount of the purchase price ££ shall be reduced to such percentage and the amount of the annuity correspondingly reduced.” The testatrix recognized that 7% of her net estate might not produce the $400 annually requested. She gave the executors or the administrators c. t. a. an option to either purchase a reduced annuity or to set up a trust of 7% of the net estate. Since the option was exercised and approved by the prior decree the trust provisions of the will came into operation and the beneficiary became entitled only to the income earned with the possibility of additional payment from principal in the discretion of the trustee.
Paragraph Third of this will permitted the trustees of the respective trusts to invade the principal in their sole discretion for various purposes. This paragraph must be read with the rest of' the will and would be meaningless if it did not apply to the trust in question. So reading it we come to the conclusion that the beneficiary was entitled to income only and to no invasion of principal except in the trustees’ discretion.
Further the prior decree is binding on the petitioner. That decree construed the will, settled the account and determined that the Alien Property Custodian was entitled to 7% of the income earned during the period of administration and that the trustee was entitled to 7% of the net estate as the principal of the trust under examination. The decree determined that petitioner’s predecessor was entitled to income only and decreed payment of no part of principal. The decree of April 17, 1947 is, therefore, binding on the parties. (Matter of Barrett, 286 App. Div. 289, 295.) The decision upon which the decree was entered gave the petitioner’s predecessor an opportunity to raise the present question prior to the entry of the decree for it recited with reference to the interests vested by the Alien Property Custodian, £ 1 If there be dispute as to the extent of those interests within the operation of the vesting order the court will pass upon such dispute on proper request.” All interested parties were before the court and any such request should have been made prior to the settlement of the decree.
Under the circumstances recited above, the practical construction placed upon the will by acceptance of income only, at the time of the decree and for more than 10 years thereafter must be given some weight in the question now raised. (Matter of Parker, 118 Misc. 121, 126, affd. 204 App. Div. 876, affd. 236 N. Y. 583; Dunlap v. Gill, 23 Misc. 418, affd. 39 App. Div. 638.)
The court holds that under subdivision IV of paragraph Second of the will Martha Weitemeyer is entitled only to income *848 earned and that the principal may not be invaded except in the trustee’s discretion. Since the Attorney General vested only the interest of Martha Weitemeyer in the trust he, too, is entitled only to the income earned.
Submit decree on notice construing the will accordingly.